IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re DVI, Inc. Securities Litigation | : : : | Case No. 2:03-CV-5336 |

**MOTION OF DEFENDANTS CADY, TUREK, AND MILLER FOR CLARIFICATION AND RECONSIDERATION OF THIS COURT'S MEMORANDUM AND ORDER DATED MAY 31, 2005**

Pursuant to Local Civil Rule 7.1g and Fed. R. Civ. P. 60, Defendants Terry Cady, Anthony Turek, and Richard Miller ("Moving Defendants") hereby move for clarification and reconsideration of the Memorandum and Order dated May 31, 2005.

As set forth in the accompanying Memorandum of Law, which is incorporated by reference herein, Moving Defendants file this motion at this time – notwithstanding the Court's May 31, 2005 Order staying this case – solely as a protective matter and to avoid the risk that this motion will be deemed untimely if not filed until after the stay is lifted.

Dated: June 16, 2005

Respectfully submitted,

Bruce S. Haines [signature]
Daniel A. Segal
Bruce S. Haines
Matthew A. Hamermesh
Paul W. Kaufman
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103
Attorneys for Defendants Terry Cady and Matthew Colasanti

Paul Greco /RSH [signature]
Patricia Hamill
Paul Greco
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street -- Suite 1600
Philadelphia, PA 19102-1916
Attorneys for Defendant Richard E. Miller

William Taylor /RSH [signature]
William J. Taylor
Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
Attorneys for Defendant Anthony J. Turek

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | **Case No. 2:03-CV-5336** |
| **In Re DVI, Inc. Securities Litigation** | : | |
| | : | |

# ORDER

AND NOW, this __________day of ______________, 2005, upon consideration of upon consideration of the Motion for Clarification and Reconsideration of Defendants Terry Cady, Anthony Turek, and Richard Miller, it is hereby ORDERED that the Motion is GRANTED. The Court's Order of May 31, 2005 is modified to read, in sub-point 1.:

1. Defendants Motions to Dismiss Count I of the Complaint are DENIED, however, Plaintiffs may not maintain claims against Defendants Terry Cady, Anthony Turek, and Richard Miller based on violations of Rule 10b-5(b).

BY THE COURT:

______________________
Legrome D. Davis, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In Re DVI, Inc. Securities Litigation** | : : : | **Case No. 2:03-CV-5336** |

## ORDER

AND NOW, this __________day of ______________, 2005, upon consideration of the Motion for Clarification and Reconsideration of Defendants Terry Cady, Anthony Turek, and Richard Miller, it is hereby ORDERED that the Motion is GRANTED.

It is FURTHER ORDERED that the Court's Order of May 31, 2005 shall be modified to read, in sub-parts 1. and 2.:

1. The Motions to Dismiss Count I of the Complaint by Defendants Terry Cady, Anthony Turek, and Richard Miller are GRANTED; the remaining Defendants' Motions to Dismiss Count I of the Complaint are DENIED;

2. The Motions to Dismiss Count II of the Complaint by Defendants Terry Cady, Anthony Turek, and Richard Miller are GRANTED; the remaining Defendants' Motions to Dismiss Count II of the Complaint are DENIED.

BY THE COURT:

_____________________________
Legrome D. Davis, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In Re DVI, Inc. Securities Litigation** | : : : | **Case No. 2:03-CV-5336** |

**ORDER**

AND NOW, this __________day of ______________, 2005, upon consideration of the Motion for Clarification and Reconsideration of Defendants Terry Cady, Anthony Turek, and Richard Miller, it is hereby ORDERED that the Motion is GRANTED. The Court will issue a separate Memorandum and Order addressing the sufficiency of the scienter allegations with respect to each of these defendants on a defendant-by-defendant basis.

BY THE COURT:

________________________
Legrome D. Davis, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In Re DVI, Inc. Securities Litigation** | : : : | **Case No. 2:03-CV-5336** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CADY, TUREK, AND MILLER FOR CLARIFICATION AND RECONSIDERATION OF THIS COURT'S MEMORANDUM AND ORDER DATED MAY 31, 2005**

## I. INTRODUCTION

Defendants Terry Cady, Anthony Turek, and Richard Miller ("Moving Defendants") seek clarification of this Court's Memorandum and Order with respect to the dismissal of Plaintiffs' claims against them under Rule 10b-5(b). They further seek reconsideration of this Court's denial of their motions to dismiss the Rule 10b-5(a) and (c) claims against them because this Court has made no findings of scienter against them.[1]

On May 31, 2005, this Court entered an order staying all proceedings in this case for 120 days. It is unclear, however, whether the stay tolls the deadline by which motions for reconsideration must be filed. Therefore, Moving Defendants have filed this motion as a protective matter pending the expiration of the stay. Moving Defendants do not expect that Plaintiffs will be required to respond to this motion, or that the Court will rule on it, until after the stay is lifted.

## II. MOTION FOR CLARIFICATION

Moving Defendants seek this Court's clarification of its Order dated May 31, 2005 ruling upon their motions to dismiss. According to this Court's Memorandum, "Defendants who have

[1] Contemporaneous with the filing of this motion, certain defendants have filed a separate Motion for Reconsideration or, in the Alternative, for Certification for Appeal and a Motion for Certification. Certain Moving Defendants join in those motions as set forth therein.

not been alleged to have made any statements, Defendants Turek, Cady, and Miller, cannot be held liable therefore [because of the Supreme Court's decision in Central Bank] and Plaintiffs' Rule 10b-5(b) claim against them in Count I must be DISMISSED." Memorandum at 15. However, the Order accompanying the Memorandum makes no specific mention of these dismissals.[2] Given the high degree of certainty manifested by the Court in the quoted sentence and the paragraph that followed it, Moving Defendants suspect that the absence of a corresponding dismissal provision in the accompanying Order may have been the result of a clerical error.

If the omission of such a dismissal provision in the Order was an oversight, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time...." Fed. R. Civ. P. 60(a). "Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered." U.S. v. Stuart, 392 F.2d 60, 62 (3d Cir. 1968). Its purpose is "to rectify nonsubstantive mistakes thereby making the judgment accurately reflect the intention of the court." Stecyk v. Bell Helicopter Textron., Inc., 94-CV-1818, 1998 WL 221026, *2 (E.D.Pa. May 5,1998) (quoting PECO Energy Co. v. Boden, No. CIV. A. 93-110, 1994 WL 418987, at *6 (E.D.Pa. Aug. 10, 1994)).

This Court denied Moving Defendants' motions to dismiss with respect to 10b-5(a) and (c). Thus, pending this Court's ruling on this Motion and the Motion for Reconsideration filed contemporaneously, Count I survives in some form. However, to reflect this Court's intention, manifested by the Memorandum, the Order should have included language to the effect that

---

[2] In full, with respect to Count I, the Order reads, "Defendants' Motions to Dismiss Count I of the Complaint are DENIED."

Plaintiffs failed to state any claims against any of the Moving Defendants based upon Rule 10b-5(b). Respectfully, the undersigned Defendants move this Court to amend its order, clarifying the dismissal of the 10b-5(b) claims against each of them.

## III. MOTION FOR RECONSIDERATION

Moving Defendants further move this Court to clarify its findings of scienter with respect to them. As noted in Defendants' Motion for Reconsideration, filed separately, Defendants contend that this Court's findings of scienter are insufficient under the PSLRA. However, even if this Court reaffirms its earlier holding that scienter had been alleged against those Defendants who were alleged to have made statements, such a finding would not demonstrate scienter against any of the Moving Defendants, with respect to whom no such allegations are made.

As this Court has recognized, a plaintiff must plead with particularity a violation of 10b-5(a) and (c), including the element of scienter. See Memorandum at 18 (stating the five elements of a 10b-5(a) or (c) claim). Plaintiffs' claims are not entitled to a relaxed pleading standard and, under the PSLRA, group pleading has been abolished. See Memorandum at 16, 13.

This Court's analysis of scienter only appears in Part IV(A)(2)(b)(ii), which addresses Plaintiffs' 10b-5(b) claims. See Memorandum at 17. Notably, this analysis takes place after the Court had dismissed those claims against Moving Defendants. See Memorandum at 15. Moreover, this Court's conclusion that "Plaintiffs also assert facts sufficient to satisfy the pleading standard requirement that the statement be misleading and be made with at least extreme recklessness," Memorandum at 17, is clearly inapplicable to Moving Defendants because, as the court already found, they are not alleged to have made any misleading statements.

Subsequently, in its analysis of the 10b-5(a) and (c) sections, this Court correctly notes that scienter is an element, see Memorandum at 18, but it makes no additional finding of scienter. Thus, the only place that this Court makes a scienter finding, that finding is inapplicable to Moving Defendants. Even though it acknowledged that Moving Defendants are not accused of having made any statements, this Court did not identify any other actions they were alleged to have undertaken that would subject them to Rule 10b-5 liability, and indeed Plaintiffs failed to allege any other action with the particularity required by the PSLRA.

In order to have properly pled their cause of action under any part of Rule 10b-5, Plaintiffs were required to plead facts giving rise to a strong inference of scienter. See 15 U.S.C. §78u-4(b)(2). The omission of any finding of scienter, or basis for such a finding, implicitly overlooks the PSLRA standard that this Court rightly adopted in the Memorandum and thus constitutes a manifest error of law. See generally Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law…"); Dougherty v. State Farm Mut. Auto. Ins. Co., 2002 WL 32345742, *3 (E.D.Pa. 2002) ("The party seeking reconsideration must bring forth dispositive factual matters or controlling decisions of law previously brought to the court's attention but not considered in its original decision").

This Court groups Moving Defendants with Defendants who are alleged to have made statements. However, even if this Court declines to analyze the alleged manipulative acts on a defendant-specific basis, as the separate Motion for Reconsideration argues that it should, it must at least make a finding of scienter with respect to each Defendant and identify the particularized factual basis for that finding. Because no such finding is made with respect to Moving Defendants in the Memorandum, this Court's decision to deny Moving Defendants' Motions to

Dismiss is manifestly erroneous and, Moving Defendants respectfully suggest, should be corrected.

## IV. CONCLUSION

For the foregoing reasons, this Court should reconsider its Memorandum and dismiss Count I against each of the Moving Defendants or should, at the very least, clarify its Memorandum to explain what factual allegations support a strong inference of scienter with respect to each of the Moving Defendants.

Dated: June 16, 2005

Respectfully submitted,

Bruce S. Haines

Daniel A. Segal
Bruce S. Haines
Matthew A. Hamermesh
Paul W. Kaufman
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103
Attorneys for Defendants Terry Cady and Matthew Colasanti

Paul Greco/ RSH

Patricia Hamill
Paul Greco
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street -- Suite 1600
Philadelphia, PA 19102-1916
Attorneys for Defendant Richard E. Miller

William Taylor/ BSH

William J. Taylor
Kevin F. Berry
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
Attorneys for Defendant Anthony J. Turek

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2005 a true and correct copy of the foregoing Motion of Defendants Terry Cady, Anthony Turek, and Richard Miller for Clarification and Reconsideration of This Court's Memorandum and Order Dated May 31, 2005 was served either electronically or via first class mail upon the following counsel:

Clinton A. Krislov, Esq.
Michael R. Karnuth, Esq.
KRISLOV & ASSOCIATES, LTD.
20 No. Wacker Drive, Suite 1350
Chicago, IL 60606
*Counsel for Plaintiffs Kenneth Grossman, Cedar Street Fund and Cedar Street Offshore Fund*

Steven A. Schwartz, Esq.
CHIMCLES & TIKELLIS, LLP
361 W. Lancaster Avenue
Haverford, PA 19041
*Counsel for Plaintiffs Kenneth Grossman, Cedar Street Fund and Cedar Street Offshore Fund*

C. Clark Hodgson, Jr., Esq.
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
*Counsel for Defendant Merrill Lynch & Co., Inc.*

Michael D. O'Mara, Esq.
STRADLEY, RONON, STEVENS & YOUNG, LLP
Great Valley Corp. Center
30 Valley Stream Parkway
Malvern, PA 19355
*Counsel for Defendant Merrill Lynch & Co., Inc.*

Gregory Ballard, Esq.
Gregory Markel, Esq.
CADWALADER WICKERSHAM & TAFT, LLP
One World Financial Center
New York, NY 10281
*Counsel for Defendant Merrill Lynch & Co., Inc.*

Richard L. Scheff, Esq.
MONTGOMERY McCRACKEN
WALKER & RHOADS, LLP
123 S. Broad Street
Philadelphia, PA 19109
*Counsel for Defendant Michael O'Hanlon*

Maura Fay, Esq.
DILWORTH PAXON, LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
*Counsel for Defendant Steven R. Garfinkel*

David L. Comerford, Esq.
Edward Mannino, Esq.
Jeffery Dailey, Esq.
Suzanne Marie Sweeney, Esq.
AKIN GUMP STRAUSS HAUER & FELD, LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
*Counsel for Defendant Deloitte & Touche, LLP*

Robert L. Hickok, Esq.
PEPPER HAMILTON, LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
*Counsel for Defendant Presgar Imaging, LLC*

Kelly D. Eckel, Esq.
Matthew Taylor, Esq.
Patrick Loftus, Esq.
Robert E. Kelly, Esq.
DUANE MORRIS, LLP
One Liberty Place
Philadelphia, PA 19103
*Counsel for Defendant John P. Boyle*

Gregory P. Miller, Esq.
Michael A. Morse, Esq.
Stephen G. Stroup, Esq.
MILLER ALFANO & RASPANTI
1818 Market Street, Suite 3402
Philadelphia, PA 19103
*Counsel for Defendant Harry T.J. Roberts*

Patricia M. Hamill, Esq.
Paul J. Greco, Esq.
CONRAD, O'BRIEN, GELLMAN & ROHN, PC
1515 Market Street, 16th Floor
Philadelphia, PA 19102
*Counsel for Defendant Richard E. Miller, Esq.*

Jeffrey W. Sarles, Esq.
Nicole Byrd, Esq.
Robert J. Kriss, Esq.
MAYER BROWN ROWE & MAW, LLP
190 South LaSalle Street
Chicago, IL 60603
*Counsel for Defendant Canadian Imperial Bank of Commerce Trust Company of the Bahamas*

Laurence S. Shtasel, Esq.
BLANK ROME COMISKY & McCAULEY, LLP
One Logan Square
Philadelphia, PA 19103
*Counsel for Defendant Canadian Imperial Bank of Commerce Trust Company of the Bahamas*

M. Richard Komins, Esq.
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
*Counsel for Plaintiff Thomas Sciba*

Andrew L. Barroway, Esq.
Darren J. Check, Esq.
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, PA 19087
*Counsel for Plaintiff Stephen Bence, IV*

Deborah R. Gross, Esq.
Susan R. Gross, Esq.
LAW OFFICES OF BERNARD GROSS, PC
1515 Locust Street, 2nd Floor
Philadelphia, PA 19102
*Counsel for Plaintiff The Wolson Group*

Robert A. Kauffman, Esq.
BERGER AND MONTAGUE
1622 Locust Street
Philadelphia, PA 19103
*Counsel for Plaintiffs Richard Morrell and Gottlieb Family Foundation Trust*

David S. Hoffner, Esq.
DECKERT, LLP
30 Rockefeller Plaza
New York, NY 10112
*Counsel for Defendant On-Cure Technologies*

Alessandro Martuscelli, Esq.
Michael Baughman, Esq.
DECKERT, LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
*Counsel for Defendant On-Cure Technologies*

Bruce M. Cohen, Esq.
Robert G. Martin, Esq.
Sapna Kanoor, Esq.
Scott Richard Lord, Esq.
COHEN & LORD, PC
4720 Lincoln Blvd., Suite 200
Marina Del Rey, CA 90292-6977
*Counsel for Defendant Radnet Management, Inc.*

William J. O'Brien, Esq.
DELANEY & O'BRIEN
325 Chestnut Street
Suite 1212
Philadelphia, PA 19106
*Counsel for Defendant Radnet Management, Inc.*

David W. Marston, Jr., Esq.
Karen Pieslak Pohlmann, Esq.
MORGAN LEWIS AND BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103
*Counsel for Defendants William S. Goldberg, John E. McHugh, and Nathan Shapiro*

William J. Taylor, Esq.
Kevin F. Berry, Esq.
COZEN O'CONNOR
1900 Market Street, The Atrium
Philadelphia, PA 19103
*Counsel for Defendant Anthony J. Turek*

Jeffrey S. Saltz, Esq.
LAW OFFICE OF JEFFREY S. SALTZ, PC
1515 Market Street, Suite 1000
Philadelphia, PA 19102
*Counsel for Defendant Dolphin Medical, Inc.*

William J. Leonard, Esq.
Thomas A. Leonard, Esq.
OBERMAYER REBMANN MAXWELL
& HIPPEL, LLP
One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA 19103
*Counsel for Defendant Gerald Cohn*

R. Bruce McNew, Esq.
TAYLOR & McNEW
3711 Kennett Pike, Ste. 210
Greenville, DE 19807
*Counsel for Defendant Karel Group*

Bruce S. Haines