IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In Re DVI, Inc. Securities Litigation : | Case No. 2:03-CV-5336 |
| : | |
| : | Hon. Legrome D. Davis |

**PRELIMINARY APPROVAL ORDER**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has received application for an order preliminarily approving proposed Partial Settlements of this Litigation in accordance with the Stipulation of Settlement, dated October 10, 2005 (as amended July 19, 2006) ("OnCURE Stipulation"), between Lead Plaintiffs Kenneth Grossman, Cedar Street Fund and Cedar Street Offshore Fund (the "Lead Plaintiffs" or the "Cedar Street Group"), on behalf of themselves and each of the Class Members (collectively referred to as "Plaintiffs"), and Defendant OnCURE Medical Corp., f/k/a OnCURE Technologies Corp. ("OnCURE"), and the Stipulation of Settlement dated December 13, 2005 (as amended July 19, 2006) ("Dolphin Stipulation"), between Plaintiffs and Defendant Dolphin Medical, Inc. ("Dolphin"), and the Stipulation of Settlement dated April 19, 2006 (as amended July 19, 2006) ("PresGar Stipulation"), between Plaintiffs and Defendant PresGar Imaging L.C. ("PresGar") (hereinafter, OnCURE, Dolphin and PresGar will be referred to collectively as "Settling Defendants"; and the OnCURE Stipulation, Dolphin Stipulation and PresGar Stipulation will be collectively referred to as the "Stipulations"), which together set forth the terms and conditions of settlement and provide for, *inter alia*, a dismissal and release of claims in this Litigation and payment by or on behalf of Settling Defendants.

For purposes of this Preliminary Approval Order, the Court adopts and incorporates wherever possible the Definitions set forth in the Stipulations.

In connection with the parties' Stipulations and Joint Motion for Preliminary Approval of Partial Settlements, the Court will preliminarily certify for settlement purposes only a Settlement Class Consisting of:

> All persons and entities who purchased or otherwise acquired the securities of DVI (its common stock and 9 7/8% Senior Notes), between August 10, 1999 and August 13, 2003, both dates inclusive. Excluded from the Settlement Class are Defendants; any entity in which a Defendant has a controlling interest or is a part or subsidiary of, or is controlled by a Defendant; the officers, directors, legal representatives, heirs, predecessors, successors and assigns of any of the Defendants; plaintiffs named in the <u>WM High Yield Fund, et al. v. O'Hanlon, et al.</u>, No. 04-CV-3423 (E.D. Pa.).

In preliminarily certifying the Settlement Class, the Court will designate the Cedar Street Group as Lead Plaintiffs and Class Representatives, and Clinton A. Krislov and the law firm of Krislov & Associates, Ltd. as Lead and Class Counsel, and the Court does hereby find, for the purposes of the Partial Settlements only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The Court has read and considered the proposed Stipulations, the parties' Joint Motion for Preliminary Approval of Settlements, and the exhibits and materials attached thereto or submitted therewith.

The Court finds, upon preliminary evaluation, that the proposed Stipulations fall within the range of possible approval, as they provide a beneficial result for the Settlement Class and appear to be the product of good faith, informed and non-collusive negotiations between experienced and able counsel.

The Court also finds, upon a preliminary evaluation, that the Settlement Class should be provided with notice of the pendency of this action as a class action, apprised of the proposed Partial Settlements, and be afforded the opportunity to take appropriate actions with respect thereto.

The Court further finds that the Summary Notice and the Notice of Pendency of Class Action, Hearing on Proposed Partial Settlements, Plan of Allocation and Attorneys' Fee and Expenses ("Notice"), in the form(s) attached to the Stipulations as Exhibits F and B, respectively, and the methodology for the publication, mailing and distribution of same described in Paragraphs 5 through 8 of this Preliminary Approval Order are: (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this action as a class action and the proposed Partial Settlements and of their rights with respect thereto; (iii) reasonable, and constitute due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) in conformity with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court and all other applicable laws.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.	The Court preliminarily approves the Stipulations as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Final Fairness Hearing described below and otherwise.

2.	The Final Fairness Hearing shall be held on November 9, 2006, at 10 a.m., at the U.S. District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA, 19106, to consider any matters properly before the Court and to determine: (a) whether the Stipulations are fair, reasonable and adequate and in the best interests of the Settlement Class and should be finally approved; (b) whether the Order of Final Judgment and Dismissal, as provided in the Stipulations, should be approved and entered; (c) whether the Plan of Allocation proposed by Lead Counsel or some other allocation methodology is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved; (d) to consider applications for any award of attorneys' fees, costs and expenses; and (e) to rule upon such of these and such other matters as the Court may deem appropriate.

3.	The Court reserves the right to approve the Partial Settlements, either as presently constituted or with modification approved in writing by all parties, and with or without further notice to Members of the Settlement Class.  The Court further reserves the right to enter its Order of Final Judgment and Dismissal approving the Stipulations and dismissing the Fifth Amended Complaint as to OnCURE, Dolphin and PresGar with prejudice regardless of whether the Court has approved the Plan of Allocation or awarded attorneys' fees and expenses.

4.	The Court approves, as to both the form and content, the Summary Notice, the Notice and the Proof of Claim and Release form, in substantially the form attached to the

Stipulations as Exhibits F, B and E, respectively.

5.      Lead Counsel is hereby directed and authorized to retain Strategic Claims Services as Claims Administrator, which shall be subject to the jurisdiction of the Court, to implement, supervise and administer the notice procedure and, if the Partial Settlements are approved, to process Class Member claims and administer the Partial Settlements in accordance with the Stipulations and their Exhibits, including, without limitation, the Order of Final Judgment and Dismissal.

6.      The Claims Administrator shall cause the Notice and the Proof of Claim and Release form, substantially in the form attached hereto, to be mailed, by first class mail, postage prepaid, no later than September 1, 2006, to all Class Members who can be identified with reasonable effort.  The Court finds that Lead Counsel has been supplied with a sufficient amount of records in connection with the class period purchasers of DVI securities, and that use of these records to compile the mailing list for the Notice, and mailing the Notice to the Persons identified in such records at their addresses indicated therein, will satisfy Lead Counsel's obligation in this regard.  Nominee owners, such as brokerage firms, online trading companies and other persons who held or now hold DVI common stock and/or 9 7/8% Senior Notes as record owners, but not as beneficial owners, are directed to follow the directions in the Notice and Proof of Claim and Release form, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release form promptly to such beneficial owners as are identified by nominees and brokers.  Additional copies of the Notice and Proof of Claim and Release form shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and any record holders shall be reimbursed from the Settlement Fund, upon

receipt by the Claims Administrator of proper documentation as set forth in detail in the Notice, for the reasonable expense of sending the Notice and Proof of Claim and Release form to beneficial owners.

7. The Claims Administrator shall, on or before September 7, 2006, cause the Summary Notice to be published as a display advertisement on one occasion in: the national edition of *The Wall Street Journal*; *USA Today*; a Sunday edition of the *Chicago Tribune* and the *Philadelphia Inquirer*; all in a size equal to at least 28 column inches or 1/8 page, whichever is larger, and shall cause the Summary Notice to be published on one occasion on the PR Newswire.

8. Not later than five (5) days after entry hereof, the Claims Administrator shall make the Notice accessible in a reasonably prominent location on its website.

9. Lead Counsel shall, at or before the Fairness Hearing, serve on OnCURE's counsel, Dolphin's counsel and PresGar's counsel, and file with the Court proof of mailing of the Notice and Proof of Claim and Release form and proof of publication of the Summary Notice, as required herein.

10. The form and method set forth herein of notifying the Settlement Class of the pendency of this action as a class action and of the Partial Settlements and their terms and conditions meet the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

11. Any Class Member who wishes to be excluded from the Settlement Class must follow all procedures and requirements, and is subject to all deadlines, set forth in the Notice.

12. Class Members who do not timely and validly effect their exclusion from the Settlement Class as provided in the Notice shall be subject to the Court's jurisdiction and bound by all proceedings, determinations, orders and judgments in the Litigation to the maximum extent provided by law, whether favorable or unfavorable to the Settlement Class.

13. Class Members timely and validly requesting exclusion from the Settlement Class in the manner set forth in the Notice shall not be entitled to receive any payment out of the Settlement Fund as described in the Stipulations and Notice.

14. Class Members who do not effectively exclude themselves and wish to participate in recoveries under the Stipulations are subject to and must follow all procedures and requirements set forth in the Notice, herein, and in the Order of Final Judgment and Dismissal, and must complete and submit Proof of Claim and Release forms in strict accordance with the instructions contained therein.  Specifically, but without limitation, until and unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted to the Claims Administrator by first class mail, postmarked or received by the Claims Administrator by January 3, 2007, as provided for by the Notice, Orders of the Court, and Proof of Claim and Release form.

15. Each Class Member who submits a Proof of Claim and Release form shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the Settlements becoming effective) release all Settled Claims as provided in the Stipulations.

16. Lead Counsel or his designated agent(s), including the Claims Administrator, are hereby authorized and directed to commence notice and publication procedures and to make appropriate provisions for receipt and processing of requests for exclusion and claims and shall,

among other things, rent one or more post office boxes, as needed, to be used for receiving requests for exclusion and other Class Member communications, arrange for printing and mailing the Notice and contract for publication of the Summary Notice.

17. Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and Settling Defendants' counsel a notice of appearance such that it is received by them and the Clerk of the Court by the date and the manner specified in the Notice. Any Class Member who does not so enter a timely appearance will be deemed to consent to be represented by Lead Counsel.

18. Pursuant to and as set forth in the Notice, any Class Member who has not validly and timely requested to be excluded from the Settlement Class may appear and show cause, if he, she or it has any reasons why the proposed Partial Settlements of the Litigation should not be approved, why the Order of Final Judgment and Dismissal should not be entered, why the Plan of Allocation should not be approved, or why attorneys' fees, costs and expenses should not be awarded; provided, however, that no Class Member shall be heard with respect to or entitled to contest any of the matters referred to in this Paragraph, unless that Class Member has filed, served and supported written objections in accordance with the procedures, requirements and deadlines set forth in the Notice. Any Class Member who does not make, file and serve his, her or its objection(s) in such manner shall be deemed to have waived such objection(s) and shall be forever barred and foreclosed from making any objection to the proposed Partial Settlements, to the Order of Final Judgment and Dismissal, to the Plan of Allocation and to the award of attorneys' fees, costs and expenses.

19. The Court will consider comments and/or objections to the Partial Settlements, the Order of Final Judgment and Dismissal, the Plan of Allocation or the award of attorneys' fees and reimbursement of costs and expenses only if such comments or objections and any supporting papers are filed in writing and in full conformance with all terms of the Notice on or before October 12, 2006, with the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, showing due proof of service by hand delivery or first class mail, postage prepaid, on or before ten (10) days prior to the date initially set for the Fairness Hearing, on all of the following:

On behalf of Lead Plaintiff and the Class

> Clinton A. Krislov
> Michael R. Karnuth
> Krislov & Associates, Ltd.
> 20 N. Wacker Drive, Suite 1350
> Chicago, IL   60606

On behalf of Defendant OnCURE:

> David Hoffner
> Scott M. Zimmerman
> Olivier Strauch
> Dechert, LLP
> 30 Rockefeller Plaza
> New York, NY   10112

On behalf of Defendant Dolphin:

> Richard Levan
> Levan Friedman LLP
> Two Penn Center Plaza
> Suite 1422
> 1500 John F. Kennedy Blvd.
> Philadelphia, PA   19102

On behalf of Defendant PresGar:

Robert L. Hickok
Christopher J. Huber
Pepper Hamilton, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103

20.     Pending final determination of whether the Partial Settlements should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

21.     If: (a) the Court rejects, in any respect, the Order of Final Judgment and Dismissal in substantially the form and content attached to the OnCURE Stipulation as Exhibit C and Lead Counsel and counsel for OnCURE fail to consent to the entry of another form of order in lieu thereof; (b) the Court rejects the OnCURE Stipulation, including any amendment thereto approved by Lead Counsel and counsel for OnCURE; or (c) the Court approves the OnCURE Stipulation, including any amendment thereto properly approved by Lead Counsel and counsel for OnCURE, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the OnCURE Stipulation, including any amendment(s) thereof, and this Preliminary Approval Order, with respect to the OnCURE Stipulation, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the OnCURE Stipulation, except Notice and Administration Costs, and taxes, incurred or expended shall not be returned to OnCURE.

22. If: (a) the Court rejects, in any respect, the Order of Final Judgment and Dismissal in substantially the form and content attached to the Dolphin Stipulation as Exhibit C and Lead Counsel and counsel for Dolphin fail to consent to the entry of another form of order in lieu thereof; (b) the Court rejects the Dolphin Stipulation, including any amendment thereto approved by Lead Counsel and counsel for Dolphin; or (c) the Court approves the Dolphin Stipulation, including any amendment thereto properly approved by Lead Counsel and counsel for Dolphin, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Dolphin Stipulation, including any amendment(s) thereof, and this Preliminary Approval Order with respect to the Dolphin Stipulation, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Dolphin Stipulation, except Notice and Administration Costs, and taxes, incurred or expended shall not be returned to Dolphin.

23. If: (a) the Court rejects, in any respect, the Order of Final Judgment and Dismissal in substantially the form and content attached to the PresGar Stipulation as Exhibit C and Lead Counsel and counsel for PresGar fail to consent to the entry of another form of order in lieu thereof; (b) the Court rejects the PresGar Stipulation, including any amendment thereto approved by Lead Counsel and counsel for PresGar; or (c) the Court approves the PresGar Stipulation, including any amendment thereto properly approved by Lead Counsel and counsel for PresGar, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the PresGar Stipulation, including any amendment(s) thereof,

and this Preliminary Approval Order with respect to the PresGar Stipulation, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the PresGar Stipulation, except Notice and Administration Costs, and taxes, incurred or expended shall not be returned to PresGar.

24. Proponents of the Partial Settlements, or any aspects thereof, shall file any and all supporting memoranda and materials in support of the Partial Settlements, the Order of Final Judgment and Dismissal, the Plan of Allocation and any application for attorneys' fees, costs and expenses, no later than five (5) calendar days before the Final Fairness Hearing.

        ENTER:

        /S/LEGROME D. DAVIS
        Judge, United States District Court
        for the Eastern District of Pennsylvania

Dated: August 18, 2006