IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re DVI, Inc. Securities Litigation | : Case No. 2:03-CV-5336 <br> : <br> : Hon. Legrome D. Davis |

**LEAD PLAINTIFFS' MOTION FOR ENTRY OF ORDER APPROVING PARTIAL SETTLEMENTS, PLAN OF ALLOCATION, CERTIFICATION OF A SETTLEMENT CLASS, AND ATTORNEYS' FEES AND EXPENSES**

Lead Plaintiffs respectfully move this Court pursuant to Fed. R. Civ. Pro. 23(e) for an order, in the form attached hereto as Exhibit 1, approving the three separate Settlement Agreements that Lead Plaintiffs have entered into with Defendants OnCure Medical Corp., f/k/a OnCure Technologies Corp., Dolphin Medical Inc. and PresGar Imaging L.C. (the "Partial Settlements").

For the reasons set forth in Lead Plaintiffs' accompanying Memorandum of Law in Support of Motion for Entry of Order Approving Partial Settlements, Lead Plaintiffs respectfully request that this Court (a) approve the Partial Settlements; (b) approve the parties' plan of allocation; (c) approve and certify a settlement class; and (d) award Plaintiffs' Counsel's requested attorneys' fees and expense reimbursement.

Dated: November 2, 2006

                                                  Respectfully submitted,

                                                  KRISLOV & ASSOCIATES, LTD.

                                                  By: /s/ Michael R. Karnuth

                                                      Clinton A. Krislov, Esq.
                                                      Michael R. Karnuth, Esq.
                                                      20 North Wacker Drive

Chicago, Illinois   60606
Phone: 312-606-0500
Fax: 312-606-0207
*Plaintiffs' Lead Counsel*


Steven A. Schwartz, Esq.
Attorney I.D. No. 50579
Kathy Meermans Esq.
Attorney I.D. No. 37846
Chimicles & Tikellis LLP
361 W. Lancaster Avenue
One Haverford Centre
Haverford, PA   19041
Phone:  610-642-8500
Fax:  610-649-3633
*Plaintiffs' Liaison Counsel*

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                                                                    :         Case No. 2:03-CV-5336-LDD

**In Re DVI, Inc. Securities Litigation**      :

_____  :         Judge Legrome D. Davis

### ORDER OF FINAL JUDGMENT AND DISMISSAL

On November 9, 2006, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulations and Agreements of Settlement dated October 10, 2005, December 13, 2005 and April 19, 2006 (the "Stipulations"), as amended on July 19, 2006, including the releases provided for in the Stipulations, are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendants OnCure Medical Corp., f/k/a OnCure Technologies Corp. ("OnCure"), Dolphin Medical, Inc. ("Dolphin") and PresGar Imaging LC ("PresGar"), respectively, in the Complaint now pending in this Court under the above caption, and should be approved; (2) whether judgment should be entered dismissing the Complaint with prejudice as to OnCure, Dolphin and PresGar; and (3) whether and in what amount to award Plaintiffs' Lead Counsel fees and reimbursement of expenses.

The Court having previously granted certification of a Settlement Class on August 18, 2006 as to Plaintiffs' claims against the Settling Defendants, and having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable who purchased the DVI, Inc. securities at issue in this Action from August 10, 1999 and August 13, 2003 (dates inclusive) (the "Class Period"),

and who were damaged thereby, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published on one occasion in: the national edition of *The Wall Street Journal*; *USA Today*; a Sunday edition of the *Chicago Tribune* and the *Philadelphia Inquirer*, as well as electronically on *Primezone*, and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulations.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, the Class Members, and the Settling Defendants (specifically OnCure, Dolphin and PresGar).

2. The Court determines for purposes of finally approving the Stipulations only that the action as against Settling Defendants OnCure, Dolphin and PresGar may proceed for settlement purposes as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs and Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual

members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court therefore also determines for purposes of finally approving the Stipulations only that the Class Representatives may represent a Settlement Class defined as follows, which the Court hereby certifies for settlement purposes only:

> All persons and entities who purchased or otherwise acquired the securities of DVI (its common stock and 9 7/8% Senior Notes), between August 10, 1999 and August 13, 2003, both dates inclusive. Excluded from the Settlement Class are Defendants; any entity in which a Defendant has a controlling interest or is a part or subsidiary of, or is controlled by a Defendant; the officers, directors, legal representatives, heirs, predecessors, successors and assigns of any of the Defendants; plaintiffs named in the <u>WM High Yield Fund, et al. v. O'Hanlon, et al.</u>, No. 04-CV-3423 (E.D. Pa.); and those persons or entities who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

4. Notice of the pendency of this Action as a class action and of the proposed Partial Settlements was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and the terms and conditions of the proposed Partial Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. ' 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Partial Settlements and the Plan of Allocation are approved as fair, reasonable and adequate, and the parties are directed to and shall consummate and abide by the Partial Settlements in accordance with the terms and provisions of the Stipulations.

6. The Complaint, which the Court finds was filed on a good faith basis in

accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulations, as against Settling Defendants OnCure, Dolphin and PresGar only.

       7.     Class Members who have not previously excluded themselves from the Class and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, asserted or unasserted, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of losses sustained by the Class with respect to any transaction in or related to the DVI, Inc. securities (the "Settled Claims") (but excluding any claims to enforce the terms of the Partial Settlement) against Settling Defendants OnCure, Dolphin and PresGar, trusts for which OnCure, Dolphin and PresGar are the settlor or which is for the benefit of them or their families; OnCure's, Dolphin's and PresGar's personal or legal representatives, heirs, executors, administrators, and any other Person acting on their behalf; and all of OnCure's, Dolphin's and PresGar's past and present agents, employees, attorneys, insurers, co-insurers, reinsurers, accountants, advisors, successors, shareholders, directors, affiliates, parents, subsidiaries, and assigns; provided, however, that nothing herein shall bar or enjoin any members of the Class from instituting or pursuing any claims against Defendants Michael A. O'Hanlon, Steven R. Garfinkel, John P. Boyle, Terry Cady, Gerald Cohn, Nathan Shapiro, William S. Goldberg, Harry T.J. Roberts, John E. McHugh, Deloitte & Touche, LLP, Merrill Lynch & Co., Inc., Radnet

Management, Inc., Richard E. Miller, Anthony J. Turek, or Canadian Imperial Bank of Commerce Trust Company (Bahamas) Limited, as trustee of trusts for the benefit of the grandchildren of A.N. Pritzker, Thomas Pritzker, the Pritzker Organization LLC, and certain unnamed Pritzker family members, Clifford Chance LLP and Clifford Chance (US) LLP.  The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against Settling Defendants OnCure, Dolphin and PresGar and any Released Party (as defined in the Stipulations) with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. To the maximum extent permitted by law, the Court hereby bars (1) all claims against Settling Defendants OnCure, Dolphin and PresGar, and Released Parties, for indemnity or contribution or any other claim against Settling Defendants OnCure, Dolphin and PresGar arising out of the Action or otherwise where the injury to the claimant is the claimant's actual or threatened liability to the Class arising out of or related to any transactions with respect to the DVI securities, and (2) all claims by Settling Defendants OnCure, Dolphin and PresGar against any person for indemnity or contribution arising out of the Action or otherwise where the injury to the claimant is the claimant's actual or threatened liability to the Class arising out of or related to any transactions with respect to the securities.

9. Any non-settling party shall be entitled to a reduction in any final verdict or judgment in an amount calculated as provided for in 15 U.S.C. ' 78u-4(f)(7)(B). In addition, any non-settling party who claims to be covered under any insurance policy issued by an Insurer, if any, shall also be entitled to a credit against any final judgment equal to the amount of coverage actually available, if any, that a court determines would

5

have been available to such non-settling party under such insurance policy but for the operation of the bar order in the Order of Final Judgment and Dismissal.

    10.    Neither this Order and Final Judgment, the Stipulations, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statements referred to therein shall be:

    a.    offered or received against the Settling Defendants OnCure, Dolphin and PresGar as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Settling Defendants OnCure, Dolphin and PresGar with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of OnCure, Dolphin and PresGar;

    b.    construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Class, or any of them that any of their claims are without merit or are subject to any infirmities, or that damages recoverable under the Complaint would not have exceeded the Settlement Amounts; or

    c.    construed against Settling Defendants OnCure, Dolphin and PresGar, or Lead Plaintiffs or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

    11.    On the Effective Date of these Partial Settlements (as defined in the Stipulations), all Class Members and anyone claiming through or on behalf of any of

6

them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties, except that these releases shall not bar any suit or action to enforce the terms of the Stipulations or this Order of Final Judgment and Dismissal.

12. The Court finds that all parties to the Stipulations and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Plaintiffs' Lead Counsel are hereby awarded $ _____ in attorneys' fees, which shall be paid from the Class Settlement Fund and which the Court finds to be fair and reasonable, and $ _____ in reimbursement of expenses, both of which shall be paid to Plaintiffs' Lead Counsel from the Class Settlement Fund with interest from the date such Class Settlement Fund was funded to the date of payment at the same net rate that the Class Settlement Fund earns.

14. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

ENTER:

_____
Judge, United States District Court
for the Eastern District of Pennsylvania

Dated: November \_\_, 2006