**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————

**In Re DVI, Inc. Securities Litigation**

———————————————————————

:   **Case No. 2:03-CV-5336**

:

:   **Hon. Legrome D. Davis**

**LEAD PLAINTIFFS' MOTION FOR ORDER APPROVING SECOND PARTIAL
SETTLEMENT, PLAN OF ALLOCATION, CERTIFICATION OF A
SETTLEMENT CLASS, AND ATTORNEYS' FEES AND EXPENSES**

Lead Plaintiffs respectfully move this Court pursuant to Fed. R. Civ. Pro. 23(e)

for an order, in the form attached hereto as Exhibit 1, approving the Settlement

Agreement that Lead Plaintiffs have entered into with Defendants Nathan Shapiro,

William Goldberg, and John McHugh (the "Partial Settlement").

For the reasons set forth in Lead Plaintiffs' accompanying Memorandum of Law

in Support of Motion for Entry of Order Approving Partial Settlement, Lead Plaintiffs

respectfully request that this Court (a) approve the Partial Settlement; (b) approve the

parties' plan of allocation; (c) approve and certify a settlement class; and (d) award

Plaintiffs' Counsel's requested attorneys' fees and expense reimbursement.

Dated:  October 16, 2007

Respectfully submitted,

KRISLOV & ASSOCIATES, LTD.


By: /s/ Michael R. Karnuth

Clinton A. Krislov, Esq.
Michael R. Karnuth, Esq.
20 North Wacker Drive
Chicago, Illinois   60606
Phone: 312-606-0500

Fax: 312-606-0207
*Plaintiffs' Lead Counsel*


Steven A. Schwartz, Esq.
Attorney I.D. No. 50579
Kathy Meermans Esq.
Attorney I.D. No. 37846
Chimicles & Tikellis LLP
361 W. Lancaster Avenue
One Haverford Centre
Haverford, PA   19041
Phone:  610-642-8500
Fax:  610-649-3633
*Plaintiffs' Liaison Counsel*

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| _____ | : | **Case No. 2:03-CV-5336-LDD** |
| **In Re DVI, Inc. Securities Litigation** | : |  |
| _____ | : | **Judge Legrome D. Davis** |

## ORDER OF FINAL JUDGMENT AND DISMISSAL

On November 2, 2007, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated June 25, 2007 (hereinafter referred to individually and interchangeably as the "Stipulation" and the "Settlement"), including the releases provided for in the Stipulation, are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendants Nathan Shapiro, William Goldberg and John McHugh (the "Settling Defendants") respectively, in the Complaint now pending in this Court under the above caption, and should be approved; (2) whether a Settlement Class should be finally certified for purposes of the proposed Settlement; (3) whether judgment should be entered dismissing the Complaint with prejudice as to Settling Defendants; and (4) whether and in what amount to award Plaintiffs' Lead Counsel fees and reimbursement of expenses.

The Court, having previously granted certification of a Settlement Class as to Plaintiffs' claims against the Settling Defendants on July 16, 2007, and having considered all matters submitted to it at the hearing and otherwise, and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable who purchased the DVI, Inc. securities at issue in this Action from August 10, 1999 to August 13, 2003 (dates inclusive) (the "Class Period"),

and who were damaged thereby, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published on one occasion in: the national editions of *The Wall Street Journal*; *USA Today*, and editions of the *Chicago Tribune* and the *Philadelphia Inquirer*, as well as published on one occasion on the PR Newswire, and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, the Settlement Class Members, and the Settling Defendants.

2.      The Court determines for purposes of finally approving the Stipulation only that the action as against Settling Defendants may proceed for settlement purposes as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs (who have moved for appointment as Class Representatives) are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2

3.     The Court therefore also determines for purposes of finally approving the Stipulation only that the Lead Plaintiffs may represent a Settlement Class defined as follows, which the Court hereby certifies for settlement purposes only:

> All persons and entities who purchased or otherwise acquired the securities of DVI (its common stock and 9 7/8% Senior Notes), between August 10, 1999 and August 13, 2003, both dates inclusive.  Excluded from the Settlement Class are Defendants; any entity in which a Defendant has a controlling interest or is a part or subsidiary of, or is controlled by a Defendant; the officers, directors, legal representatives, heirs, predecessors, successors and assigns of any of the Defendants; plaintiffs named in the WM High Yield Fund, et al. v. O'Hanlon, et al., No. 04-CV-3423 (E.D. Pa.); and those persons or entities who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

4.     Notice of the pendency of this Action as a class action and of the proposed Partial Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and the terms and conditions of the proposed Partial Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

5.     The Partial Settlement is approved as fair, reasonable and adequate, and the parties are directed to and shall consummate and abide by the Partial Settlement in accordance with the terms and provisions of the Stipulation.

6.     The Complaint, which the Court finds was filed on a good faith basis in

accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulations, as against Settling Defendants only.

7.       Class Members who have not previously excluded themselves from the Class and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, asserted or unasserted, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of losses sustained by the Class with respect to any transaction in or related to the DVI, Inc. securities (the "Settled Claims") (but excluding any claims to enforce the terms of the Partial Settlement) against Settling Defendants and Settling Defendants' trusts for which Settling Defendants are the settlor or which is for the benefit of them or their families; Settling Defendants' personal or legal representatives, heirs, executors, administrators, and any other Person acting on their behalf; and all of Settling Defendants' past and present agents, employees, attorneys, insurers, co-insurers, reinsurers, accountants, advisors, successors, shareholders, directors, affiliates, parents, subsidiaries, and assigns; provided, however, that nothing herein shall bar or enjoin any Members of the Class from instituting or pursuing any claims against Defendants Michael A. O'Hanlon, Steven R. Garfinkel, John P. Boyle, Terry Cady, Gerald Cohn, Harry T.J. Roberts, Deloitte & Touche, LLP, Merrill Lynch & Co., Inc., Radnet Management, Inc., Richard E. Miller, Anthony J. Turek, Thomas Pritzker, the Pritzker Organization LLC, and certain unnamed Pritzker family members, Clifford Chance LLP and Clifford Chance (US) LLP.  The

Settled Claims are hereby compromised, settled, released, discharged and dismissed as against Settling Defendants with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.      To the maximum extent permitted by law, the Court hereby bars (1) all claims against Settling Defendants for indemnity or contribution or any other claim against Settling Defendants arising out of the Action or otherwise where the injury to the claimant is the claimant's actual or threatened liability to the Class arising out of or related to any transactions with respect to the DVI securities, and (2) all claims by Settling Defendants against any person for indemnity or contribution arising out of the Action or otherwise where the injury to the claimant is the claimant's actual or threatened liability to the Class arising out of or related to any transactions with respect to the securities.

9.      Any non-settling party shall be entitled to a reduction in any final verdict or judgment in an amount calculated as provided for in 15 U.S.C. § 78u-4(f)(7)(B).

10.     Neither this Order and Final Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statements referred to therein shall be:

        a.      offered or received against the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Settling Defendants with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in

the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of

Settling Defendants;

        b.    construed as or received in evidence as an admission, concession

or presumption against Lead Plaintiffs or the Class, or any of them that any of their

claims are without merit or are subject to any infirmities, or that damages recoverable

under the Complaint would not have exceeded the Settlement Amount; or

        c.    construed against Settling Defendants, or Lead Plaintiffs or the

Class as an admission or concession that the consideration to be given hereunder

represents the amount which could be or would have been recovered after trial.

        11.    On the Effective Date of the Partial Settlement, all Class Members and

anyone claiming through or on behalf of any of them, will be forever barred and enjoined

from commencing, instituting, prosecuting or continuing to prosecute any action or other

proceeding in any court of law or equity, arbitration tribunal, or administrative forum,

asserting the Released Claims against any of the Released Parties, except that these

releases shall not bar any suit or action to enforce the terms of the Stipulation or this

Order of Final Judgment and Dismissal.

        12.    The Court finds that all parties to the Stipulation and their counsel have

complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to

all proceedings herein.

        13.    Plaintiffs' Lead Counsel are hereby awarded \$_____ in attorneys'

fees, which shall be paid from the Partial Settlement Fund and which the Court finds to

be fair and reasonable, and \$_____ in reimbursement of expenses, both of

which shall be paid to Plaintiffs' Lead Counsel from the Partial Settlement Fund with

interest from the date such Partial Settlement Fund was funded to the date of payment at the same interest rate that the Partial Settlement Fund earns.

14.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

16.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

ENTER:

_____
Judge, United States District Court
for the Eastern District of Pennsylvania

Dated: _____, 2007