IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In Re DVI, Inc. Securities Litigation  : | : | Civil Action |
|  | : | No. 2:03-CV-5336-LDD |

**FILED**

APR 3 0 2008

MICHAEL E. KUNZ, Clerk

By_____Dep. Clerk

### ORDER OF FINAL JUDGMENT AND DISMISSAL

AND NOW, on this 30th day of April 2008, upon consideration of Lead Plaintiffs'

Motion for Order Approving Third Settlement, Plan of Allocation, Certification of a Settlement

Class, and Attorneys' Fees and Expenses (Doc. No. 606) and a hearing before this Court to

determine: (1) whether the terms and conditions of the Stipulation of Settlement dated December

31, 2007 (hereinafter referred to individually and interchangeably as the "Stipulation" and the

"Settlement"), including the releases provided for in the Stipulation, are fair, reasonable and

adequate for the settlement of all claims asserted by the Settlement Class against Merrill Lynch &

Co., Inc. ("Merrill Lynch") respectively, in the Complaint now pending in this Court under the

above caption, and should be approved; (2) whether a Settlement Class should be finally certified

for purposes of the proposed Settlement; (3) whether judgment should be entered dismissing the

Complaint with prejudice as to Merrill Lynch; and (4) whether and in what amount to award

Plaintiffs' Lead Counsel fees and reimbursement of expenses.

The Court, having previously granted preliminary certification of a Settlement Class as to

Plaintiffs' claims against Merrill Lynch on February 28, 2008, and having considered all matters

1

**ENTERED**

MAY - 1 2008

**CLERK OF COURT**

submitted to it at the hearing and otherwise, and it appearing that a notice of the hearing

substantially in the form approved by the Court was mailed to all persons or entities reasonably

identifiable who purchased the DVI, Inc. securities at issue in this Litigation from August 10,

1999 to August 13, 2003 (dates inclusive) (the "Class Period"), and who were damaged thereby,

except those persons or entities excluded from the definition of the Settlement Class or who

previously excluded themselves from the Settlement Class, and that a summary notice of the

hearing substantially in the form approved by the Court was published on one occasion in the

national editions of *The Wall Street Journal*; *USA Today*, and editions of the *Chicago Tribune*

and the *Philadelphia Inquirer*, as well as published on one occasion on the PrimeNewswire, and

the Court having considered and determined the fairness and reasonableness of the award of

attorneys' fees and expenses requested; and all capitalized terms used herein having the

meanings as set forth and defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs,

the Settlement Class Members, and Merrill Lynch.

2.      The Court determines for purposes of finally approving the Stipulation only that

the Litigation as against Merrill Lynch may proceed for settlement purposes as a class action

under Federal Rules of Civil Procedure 23(a) and (b)(3) in that: (a) the number of Settlement

Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are

questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs

(who have moved for appointment as Settlement Class Representatives) are typical of the claims

of the Settlement Class they seek to represent; (d) the Lead Plaintiffs have and will fairly and

adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    The Court therefore also determines for purposes of finally approving the Stipulation only that the Lead Plaintiffs may represent a Settlement Class defined as follows, which the Court hereby certifies for settlement purposes only:

> All persons and entities who purchased or otherwise acquired the securities of DVI (its common stock and 9 7/8% Senior Notes), between August 10, 1999 and August 13, 2003, both dates inclusive.  Excluded from the Settlement Class are Defendants; any entity in which a Defendant has a controlling interest or is a part or subsidiary of, or is controlled by a Defendant; the officers, directors, legal representatives, heirs, predecessors, successors and assigns of any of the Defendants; plaintiffs named in the WM High Yield Fund, et al. v. O'Hanlon, et al., No. 04-CV-3423 (E.D. Pa.); and those persons or entities who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

4.    Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Litigation as a class action and the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

5.      The Settlement is approved as fair, reasonable and adequate, and the parties are directed to and shall consummate and abide by the Settlement in accordance with the terms and provisions of the Stipulation.

6.      The Fifth Amended Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against Merrill Lynch only.

7.      Settlement Class Members who have not previously excluded themselves from the Settlement Class and the successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, asserted or unasserted, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of losses sustained by the Settlement Class with respect to any transaction in or related to the DVI, Inc. securities (the "Released Claims") (but excluding any claims to enforce the terms of the Settlement) against Defendant Merrill Lynch and each of its direct and indirect current and former parents, subsidiaries and affiliates, and each of their current and former heirs, executors, estates, administrators, predecessors, successors, assigns, stockholders, parents, subsidiaries, affiliates, associates, employees, insurers, directors, managing directors, officers, principals, partners, members, attorneys, accountants, agents, consultants, financial and other advisors, investment bankers, and any other representatives or agents of any of these persons and entities; provided, however, that nothing herein shall bar or enjoin any Members of the Class from instituting or

4

pursuing any claims against Defendants Michael A. O'Hanlon, Steven R. Garfinkel, John P.
Boyle, Terry Cady, Gerald Cohn, Harry T.J. Roberts, Deloitte & Touche, LLP, Radnet
Management, Inc., Richard E. Miller, Anthony J. Turek, Thomas Pritzker, the Pritzker
Organization LLC, certain unnamed Pritzker family members, Clifford Chance LLP and Clifford
Chance (US) LLP. Upon the Effective Date, the Released Claims are hereby compromised,
settled, released, discharged and dismissed as against the Released Parties with prejudice by
virtue of the proceedings herein and this Order of Final Judgment and Dismissal. All Settlement
Class Members, whether or not any such Person submits a Proof of Claim and Release or shares
in the Settlement Fund, on behalf of themselves and each of their present or past subsidiaries and
affiliates, and their respective heirs, executors, estates, administrators, predecessors, successors,
assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants,
insurers, directors, managing directors, officers, partners, principals, members, attorneys,
accountants, financial and other advisors, investment bankers, underwriters, lenders, and any
other representatives of any of these Persons and entities will be deemed by this Settlement on
the Effective Date to release and forever discharge the Released Parties from any and all of the
Released Claims.

8.      To the maximum extent permitted by law, the Court hereby permanently bars,
enjoins and restrains (1) all claims against Merrill Lynch for indemnity or contribution or any
other claim against Merrill Lynch arising out of the Litigation or otherwise where the injury to
the claimant is the claimant's actual or threatened liability to the Class arising out of or related to
any transactions with respect to the DVI securities, and (2) all claims by Merrill Lynch against
any person for indemnity or contribution arising out of the Litigation or otherwise where the

injury to the claimant is the claimant's actual or threatened liability to the Class arising out of or related to any transactions with respect to the DVI securities.

9.     Any non-settling party shall be entitled to a reduction in any final verdict or judgment in an amount calculated as provided for in 15 U.S.C. §78u-4(f)(7)(B).

10.     Neither this Order and Final Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statements referred to therein shall be:

a.     offered or received against Merrill Lynch as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Merrill Lynch with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that had been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of Merrill Lynch;

b.     construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Settlement Class, or any of them that any of their claims are without merit or are subject to any infirmities, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or

c.     construed against Merrill Lynch, or Lead Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

11.     On the Effective Date of the Settlement, all Settlement Class Members, whether or not any such Person submits a Proof of Claim and Release or shares in the Settlement Fund,

6

and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties, except that these releases shall not bar any suit or action to enforce the terms of the Stipulation or this Order of Final Judgment and Dismissal.

12.     The Court finds that all parties to the Stipulation and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.     Plaintiffs' Lead Counsel are hereby awarded $1,499,850 in attorneys' fees, which shall be paid from the Settlement Fund and which the Court finds to be fair and reasonable, and $450,000 in reimbursement of expenses, both of which shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same interest rate that the Settlement Fund earns; provided, however, that no payment authorized by this paragraph shall be made prior to the Effective Date.

14.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Members of the Settlement Class.

15.     In the event the Effective Date does not occur, the Order of Final Judgment and Dismissal shall be rendered null and void, and shall be vacated *nunc pro tunc*, and the provisions

of paragraphs 41 and 42 and the last two sentences of paragraph 31 of the Stipulation shall apply.

16.    Except as provided herein, each party shall bear its own costs.

17.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

18.    There is no just reason for delay in the entry of this Order of Final Judgment and Dismissal, and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Accordingly, Lead Plaintiffs' Motion for Order Approving Third Settlement, Plan of Allocation, Certification of a Settlement Class, and Attorneys' Fees and Expenses (Doc. No. 606) is GRANTED.

BY THE COURT:

Legrome D. Davis, J.