IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re DVI, Inc. Securities Litigation : | CIVIL ACTION |
| : | |
| : | No. 2:03-cv-05336-LDD |

ORDER OF FINAL JUDGMENT AND DISMISSAL

AND NOW, on this 15th day of April 2009, upon consideration of Lead Plaintiffs' Motion for Order Approving Fourth Settlement, Plan of Allocation, and Attorneys' Fees and Expenses (Doc. No. 678), and following a hearing before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated December 23, 2008 (hereinafter referred to individually and interchangeably as the "Stipulation" and the "Settlement"), including the releases provided for in the Stipulation, are fair, reasonable, and adequate and should be approved; (2) whether judgment should be entered dismissing with prejudice all Released Claims against all Released Parties (as those terms are defined in the Stipulation); and (3) whether and in what amount to award Plaintiffs' Lead Counsel fees and reimbursement of expenses, it is hereby ORDERED that Lead Plaintiffs' Motion is GRANTED.

The Court, having previously certified a class on April 29, 2008, as amended on April 30, 2008, and clarified on December 30, 2008, and having considered all matters submitted to it at the hearing and otherwise, and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable who purchased the DVI, Inc. securities at issue in this Litigation from August 10, 1999 to August 13,

1

2003 (dates inclusive) (the "Class Period"), and who were allegedly damaged thereby, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published on one occasion in the national editions of *The Wall Street Journal*, *USA Today*, and editions of the *Chicago Tribune* and the *Philadelphia Inquirer*, as well as published on one occasion on the PR Newswire, and having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested, and noting that all terms used herein that are defined in the Stipulation have the definition set forth therein;

NOW, THEREFORE, IT IS FURTHER ORDERED THAT:

1.  The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs, the Class Members, Thomas J. Pritzker, and the Pritzker Organization, LLC.

2.  The Court, having previously certified a class, has determined that the certified Class which may participate in this Settlement is defined as follows:

> All persons and entities who purchased or otherwise acquired the securities of DVI, Inc. (including its common stock and 9 7/8% Senior Notes), between August 10, 1999 and August 13, 2003, inclusive and who were thereby damaged. Excluded from the class are Defendants; any entity in which a Defendant has a controlling interest or is a part or subsidiary of, or is controlled by a Defendant; the officers, directors, legal representatives, heirs, predecessors, successors and assigns of any of the Defendants; Plaintiffs named in the <u>WM High Yield Fund, et al. v. O'Hanlon, et al.</u>, No. 04-CV-3423 (E.D. Pa.); and those persons or entities who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Settlement.

3.  Notice of the pendency of this Litigation as a class action, the certification of a Class in this case, and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of

the Litigation as a class action, certification of a Class, and the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the United States Constitution (including the Due Process Clause), and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.  The Court finds that the Stipulation provides a beneficial result for the Class and is the product of good faith, informed and non-collusive negotiations between experienced and able counsel.  The Settlement is approved as fair, reasonable, and adequate, and the parties are directed to and shall consummate and abide by the Settlement in accordance with its terms and provisions.  To the extent that they are defined in the Settlement, capitalized terms used herein have the meanings set forth in the Settlement.

5.  The Fifth Amended Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, only as against Thomas J. Pritzker, The Pritzker Organization, LLC, and the Released Parties as defined in the Stipulation (including unknown members of the Pritzker family, John Does 1 through 10).

6.  Lead Plaintiffs and all other Class Members, whether or not any such Person submits a Proof of Claim and Release or shares in the Settlement Fund, on behalf of themselves and each of their present or past subsidiaries and affiliates, and their respective heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors,

officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities, as well as anyone claiming through or on behalf of any of the foregoing (the "Releasors") are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, demands, rights, liabilities, and causes of action of any nature whatsoever, whether known or unknown, including, without limitation, any claims, whether direct, derivative, representative, or in any other capacity, arising under federal, state, local, statutory, or common law or any other law, rule, or regulation, including the law of any jurisdiction within or outside of the United States that are based upon, arise out of, or relate, directly or indirectly, to the purchase, other acquisition, sale, or other disposition of any of the securities of DVI, including common stock and debt securities, during the Class Period, and all facts, statements, or omissions that were or could have been alleged in the Litigation (but excluding any claims to enforce the terms of the Settlement) (the "Released Claims") against Thomas J. Pritzker and The Pritzker Organization, LLC, as well as (a) all lineal descendents of Nicholas J. Pritzker (deceased), and their spouses (whether past, current, or future) and their children (whether now living, deceased, or unborn) who are not otherwise lineal descendents of Nicholas J. Pritzker (deceased); (b) all trusts (whether past, current or future, direct or indirect, vested, or contingent) for the benefit of the individuals identified in subpart (a) above; (c) all trustees (whether past, current, or future) of the trusts identified in subpart (b) above; (d) all entities (including, but not limited to, corporations, partnerships, associations, limited liability companies, sole proprietorships, business trusts, and charitable foundations), whether past, present, or future, directly or indirectly owned or controlled by any individual, trust, or trustee identified in subpart

(a), (b) or (c) above (including, but not limited to, Diversified Capital, L.L.C., that provides services principally for individuals, trusts, trustees, and entities identified in subpart (a), (b), (c) and (d) above, and Pritzker and Pritzker, an entity whose partners are certain individuals identified in subpart (a) above); (e) International Financial Advisors, Inc., an Illinois corporation that provides services to certain trustees identified in subpart (c) above of certain trusts identified in subpart (b) above and certain entities identified in subpart (d) above; (f) Diversified Financial Management Corp., a Delaware corporation that provides services to certain trustees identified in subpart (c) above of certain trusts identified in subpart (b) above and certain entities identified in subpart (d) above; (g) U.S. Financial Advisors, Inc., an Illinois corporation that provides services to certain trustees identified in subpart (c) above of certain trusts identified in subpart (b) above and certain entities identified in subpart (d) above; and, (h) all current, former, and future heirs, executors, estates, administrators, predecessors, successors, assigns, direct and indirect parents, subsidiaries, affiliates, stockholders, members, owners, directors, managing directors, partners, principals, officers, employees, agents, associates, attorneys, accountants, consultants, financial and other advisors, investment bankers, insurers, and all other representatives (whether past, present, or future) of each person and entity identified in subparts (a) through (g) above, both individually and collectively (the "Released Parties").  Specifically excluded from this release are all named Defendants in the Litigation other than Thomas J. Pritzker, The Pritzker Organization, LLC, and unknown members of the Pritzker family, John Does 1 through 10; provided, however, that nothing herein shall bar or enjoin any Members of the Class from instituting or pursuing any claims against Defendants Michael A. O'Hanlon, Steven R. Garfinkel, John P. Boyle, Terry Cady, Gerald Cohn, Harry T.J. Roberts, Deloitte & Touche, LLP, Radnet Management, Inc.,

Richard E. Miller, Anthony J. Turek, Clifford Chance LLP and Clifford Chance (US) LLP. Upon the Effective Date, the Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties with prejudice by virtue of the proceedings herein and this Order of Final Judgment and Dismissal.  All Releasors will be deemed on the Effective Date to release and forever discharge all Released Parties from any and all of the Released Claims.

      7. All Releasors shall be deemed to have, and shall have, expressly waived and relinquished all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or the principles of common law, including § 1542 of the California Civil Code and any provision that is similar, comparable or equivalent to § 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS, WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

A Releasor may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly have, and each Releasor shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including but not limited to

conduct that is reckless, intentional, with or without malice, or breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

8. To the maximum extent permitted by law, the Court hereby permanently bars, enjoins and restrains (a) any other Person who is or may be liable to Lead Plaintiffs and/or the Class, including without limitation the other Defendants in the Litigation and any other Persons later named as defendants in the Litigation, and the successors and assigns of any of them, from commencing, prosecuting, or asserting any action, claim, cross-claim, counterclaim, third-party, or other claim against the Pritzker Defendants or any other Released Party for indemnification or contribution or otherwise seeking the recovery of all or part of any actual or threatened liability or settlement which they pay or are obligated to pay or agree to pay arising out of such Person's or Persons' participation in any acts, facts, statements, or omissions giving rise to any claims that could properly have been brought in the Litigation; and (b) all claims by the Pritzker Defendants against any Person for indemnity or contribution arising out of the Litigation, provided, however, that any Pritzker Defendant may assert any such claim against any party that initiates a lawsuit or claim against it.

9. Any non-settling defendant shall be entitled to a reduction in any final verdict or judgment in an amount calculated as provided for in 15 U.S.C. § 78u-4(f)(7)(B).

10. Neither this Order and Final Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statements referred to therein shall be:

    a. construed as or deemed in any judicial, administrative, arbitration, mediation, or other type of proceedings to be evidence of a presumption, suggestion, concession,

or an admission in any respect whatsoever by any of the Released Parties, including, but not limited to, of the truth of any fact alleged or the validity of any claim that has been, could have been, or in the future might be asserted in the Litigation, or otherwise against the Released Parties, or of any purported liability, fault, wrongdoing, or otherwise of the Released Parties; or

   b. offered or received in evidence in any judicial, administrative, arbitration, mediation, or other type of proceeding for any purpose whatsoever, including, but not limited to, as a presumption, concession, acknowledgment, or an admission of any purported liability, wrongdoing, fault, misrepresentation, or omission, except that the Settling Parties may file the Stipulation and/or the Order of Final Judgment and Dismissal in any action that may be brought against them solely to support a defense, counterclaim, or cross-claim, if any, based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense, counterclaim, or cross-claim; or

   c. construed as a concession or admission that the Lead Plaintiffs or the Class have suffered any damage or the amount thereof; or

   d. construed as or received in evidence as an admission, concession, or presumption against the Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable in the Litigation would not have exceeded the Settlement Fund.

  11. On the Effective Date of the Settlement, all Releasors, whether or not any such Person submits a Proof of Claim and Release or shares in the Settlement Fund, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative

forum, asserting the Released Claims against any of the Released Parties, except that these releases shall not bar any suit or action to enforce the terms of the Stipulation or this Order of Final Judgment and Dismissal.

12. The Court finds that all parties to the Stipulation and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Plaintiffs' Lead Counsel are hereby awarded $2,333,333 in attorneys' fees, which shall be paid from the Settlement Fund after the Effective Date, which the Court finds to be fair and reasonable, and $2,300,000 in reimbursement of expenses, both of which shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund after the Effective Date with interest from the date such Settlement Fund was funded to the date of payment at the same interest rate that the Settlement Fund earns. No payment authorized by this Paragraph shall be made prior to the Effective Date.

14. The Settlement Fund shall be administered and distributed in accordance with the Settlement.

15. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Members of the Class.

16. In the event the Effective Date does not occur, the Order of Final Judgment and Dismissal shall be rendered null and void, and shall be vacated *nunc pro tunc*, and the provisions

of paragraphs 37 and 38 and the last two sentences of paragraph 27 of the Stipulation shall apply.

17.     Except as provided herein, each party shall bear its own costs.

18.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

19.     Except for The Pritzker Organization, LLC's obligation to pay the Settlement Amount as set forth herein, neither the Pritzker Defendants nor their counsel shall have any rights, responsibility for, interest in, obligation, or liability whatsoever with respect to the administration, investment, or distribution of the Settlement Fund or the Net Settlement Fund, including without limitation, (a) the determination, administration, calculation, processing, or payment of claims, (b) the payment or withholding of Taxes, (c) the payment of other monies from the Settlement Fund or the Net Settlement Fund, (d) the investment or distribution of the Settlement Fund and the Net Settlement Fund, (e) the Plan of Allocation, (f) any payment to Lead Counsel or to any Person with respect to any attorneys' fees, costs and expenses from the Settlement Fund, and (g) any losses incurred in connection with any such matters. The Releasors hereby release all claims against all Released Parties arising out of or relating to such matters. Notwithstanding the foregoing, the Pritzker Defendants shall be liable to the Settlement Fund for any portion thereof that they improperly seek and obtain from the Settlement Fund.

20.     There is no just reason for delay in the entry of this Order of Final Judgment and Dismissal, and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Accordingly, Lead Plaintiffs' Motion for Order Approving Fourth Settlement, Plan of

Allocation, and Attorneys' Fees and Expenses (Doc No. 606) is GRANTED.

                              BY THE COURT:

                              /S/LEGROME D. DAVIS

                              Legrome D. Davis, J.