UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------x

IN RE DVI, INC.  Civil Action No. 2:03-cv-05336-LDD
SECURITIES LITIGATION

------------------------------------x

## ORDER

AND NOW, this _____ day of _____, 2009, upon consideration of Clifford Chance LLP and Clifford Chance US LLP's Motion for Summary Judgment, it is hereby ORDERED that the Motion is GRANTED, and this case is dismissed in its entirety with respect to Clifford Chance LLP and Clifford Chance US LLP.

BY THE COURT:

_____
LEGROME D. DAVIS. J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------- x

IN RE DVI, INC.
SECURITIES LITIGATION

Civil Action No. 2:03-cv-05336-LDD

---------------------------------- x

## CLIFFORD CHANCE LLP AND CLIFFORD CHANCE US LLP'S
## MOTION FOR SUMMARY JUDGMENT

Defendants Clifford Chance LLP and Clifford Chance US LLP (together "Clifford Chance") hereby move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in this case. This Motion is supported by the accompanying Memorandum of Law and the Statement of Material Undisputed Facts, which are incorporated herein by reference.

Dated: April 30, 2009

Respectfully submitted,

COOLEY GODWARD KRONISH LLP

By:/s Celia Goldwag Barenholtz
   William J. Schwartz
   Celia Goldwag Barenholtz
   Rachel B. Kane
   Jennifer Lerner

1114 Avenue of the Americas
New York, NY 10036-7798
Phone: (212) 479-6000
Fax:   (212) 479-6275

-and-

John G. Harkins, Jr. (04441)
Marianne Consentino (84928)
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042
Phone: (215) 851-6700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE DVI, INC.
SECURITIES LITIGATION

Civil Action No. 2:03-cv-05336-LDD

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
CLIFFORD CHANCE LLP AND CLIFFORD CHANCE US LLP'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................... 1
PROCEDURAL HISTORY............................................................................................... 1
ARGUMENT..................................................................................................................... 3
I.     SUMMARY JUDGMENT SHOULD BE ENTERED FOR CLIFFORD
       CHANCE BECAUSE PLAINTIFFS CANNOT PROVE RELIANCE, A
       NECESSARY ELEMENT OF THEIR CLAIM............................................................. 4
CONCLUSION.................................................................................................................. 7

# TABLE OF AUTHORITIES

**CASES** — Page(s)

*Affiliated Ute Citizens v. United States,*
406 U.S. 128 (1972)..................................................................................2, 3, 5

*Anderson v. Liberty Lobby, Inc,*
477 U.S. 242 (1986)..................................................................................4

*Basic Inc. v. Levinson,*
485 U.S. 224 (1988)..................................................................................4, 5

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver,*
511 U.S. 164 (1994)..................................................................................4

*In re DVI, Inc. Sec. Litig.,*
2005 WL 1307959 (E.D. Pa. May 31, 2005)...........................................5

*Jones v. Ames Funding Corp.,*
2006 WL 2845689 (E.D. Pa. Mar. 8, 2006) (Davis, J.)...........................4

*Mextel, Inc. v. Air-Shields, Inc.,*
2005 U.S. Dist. LEXIS 1281 (E.D. Pa. Jan. 31, 2005) (Davis, J.)..........3, 4

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
259 F.3d 154 (3d Cir. 2001)....................................................................5, 6

*Parilla v. IAP Worldwide Services VI, Inc.,*
368 F.3d 269 (3d Cir. 2004)....................................................................6

*Robert Billet Promotions, Inc. V. IMI Cornelius, Inc.,*
1997 U.S. Dist. LEXIS 19544 (E.D. Pa. Dec. 10, 1997).......................6

*Semerenko v. Cendant Corp.,*
223 F.3d 165 (3d Cir. 2000)....................................................................5, 6

*Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc. et al.,*
128 S. Ct. 761 (2008)..............................................................................2, 3, 4, 5

*Thompson v. Glenmede Trust. Co.,*
1994 U.S. Dist. LEXIS 72 (E.D. Pa. Jan. 6, 1994)................................4

**OTHER AUTHORITIES**

18 Charles A. Wright, Arthur R. Miller, et al., FEDERAL PRACTICE AND PROCEDURE §
4478 (1981 & Supp. 1997).....................................................................6

18 MOORE'S FEDERAL PRACTICE § 134.20-23 (3d ed. 1997) ............................................................6

Rule 56 of the Federal Rules of Civil Procedure .............................................................................7

## PRELIMINARY STATEMENT

Plaintiffs Cedar Street Fund, Cedar Street Offshore Fund and Michael Grossman ("Plaintiffs") assert a single claim for securities fraud against Defendants Clifford Chance LLP and Clifford Chance US LLP ("Clifford Chance") based on Clifford Chance's alleged participation in a deceptive "scheme" relating to securities issued by DVI, Inc. ("DVI"). Plaintiffs do not contend that they were aware of Clifford Chance's alleged conduct or that such conduct caused them to purchase DVI securities. In fact, plaintiffs specifically allege that they did not know of the alleged scheme at the time they purchased the securities at issue. Thus, plaintiffs cannot establish reliance on Clifford Chance. Without such reliance, plaintiffs' claim is deficient as a matter of law and must be dismissed.

## PROCEDURAL HISTORY

Plaintiffs filed the original complaint in this action on September 23, 2004. On April 6, 2006, after several amendments to the Complaint that asserted claims against additional defendants, and after plaintiffs had been appointed as "lead plaintiffs" for the putative class, plaintiffs sought leave to further amend their complaint to assert claims against Clifford Chance. [Doc. No. 270.]

Plaintiffs' Fifth Amended Class Action Complaint (the "Complaint" or "FAC"), which was deemed filed on May 23, 2006, asserts one claim against Clifford Chance (Count V), for violation of Section 10(b) of the Securities and Exchange Act of 1934. [Doc. No. 298]. Specifically, the Complaint alleges that Clifford Chance violated Section 10(b), and Rule 10b-5(a) and (c) thereunder, "in that it: (a) Employed devices, schemes, and artifices to defraud; or . . . (c) Engaged in acts, practices, and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of DVI publicly traded securities during the Class Period." FAC ¶ 560.

The Complaint does not allege that plaintiffs relied on any conduct by Clifford Chance. Rather, the Complaint alleges that (1) Clifford Chance participated in a "scheme to artificially inflate the price of DVI securities" (FAC ¶ 562), (2) plaintiffs "did not know [about] the scheme" (*id.* ¶ 564) and (3) "[t]he scheme proximately caused Plaintiffs and the Class to purchase" DVI common stock and notes (*id.* ¶ 565). Recognizing that plaintiffs cannot prove individualized reliance by them or the putative class, the Complaint states that, with respect to all of the allegations in the Complaint, "there is a presumption of reliance under the 'fraud-on-the-market' theory" (FAC ¶ 486).

On December 4, 2006, plaintiffs moved to certify a class against Clifford Chance and the other defendants in the action. [Doc. No. 406.] Clifford Chance opposed plaintiffs' motion for class certification, arguing, *inter alia*, that class certification was not appropriate because plaintiffs were not entitled to a presumption of reliance on Clifford Chance's alleged conduct, and therefore individual issues of reliance on Clifford Chance would predominate over issues common to all class members. [Doc. No. 432.] Lead plaintiffs filed a reply memorandum, in which they argued that they were entitled to a presumption of reliance on Clifford Chance based on the "fraud on the market" theory or the *Affiliated Ute* presumption. [Doc. No. 451.] The Court heard oral argument on July 10, 2007, and reserved decision. [Doc. No. 494.]

In January 2008, Clifford Chance submitted a notice of recent authority concerning the Supreme Court's decision in *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc. et al.*, 128 S. Ct. 761 (2008). [Doc. No. 556.] Plaintiffs then filed a brief and supplemental appendix responding to Clifford Chance's notice of recent authority [Doc. Nos. 568, 600], in response to which Clifford Chance filed a reply brief [Doc. No. 579]. Plaintiffs submitted a sur-reply brief on March 19, 2008. [Doc. No. 597.]

On April 29, 2008, the Court issued an opinion denying plaintiffs' motion for class certification with respect to Clifford Chance.[1] [Doc. Nos. 609.] The Court held that plaintiffs were "not entitled to invoke the fraud on the market presumption to establish reliance with respect to Clifford Chance" because "none of [Clifford Chance's] alleged conduct was publicly disclosed such that it affected the market for DVI securities" and therefore "investors in DVI did not rely upon the allegedly deceptive conduct of Clifford Chance." Memorandum and Order, dated April 29, 2008 [Doc. No. 609] p.41. Likewise, the Court held that "the Affiliated Ute presumption is equally inapplicable because Clifford Chance owed no duty of disclosure to DVI's investors." *Id.* p.42. The Court concluded that "because Lead Plaintiffs are not entitled to either presumption in establishing reliance on a class wide basis . . . individual issues of reliance will predominate over common issues of law and fact with respect to Clifford Chance" and therefore class certification was not appropriate with respect to Clifford Chance. *Id.*

On May 14, 2008, plaintiffs filed a motion for reconsideration of the denial of class certification with respect to Clifford Chance. [Doc. No. 620.] The Court denied plaintiffs' motion for reconsideration on August 27, 2008.[2] [Doc. No. 648.]

## ARGUMENT

Summary judgment is appropriate where "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." *Mextel, Inc. v. Air-Shields, Inc.*, 2005 U.S. Dist. LEXIS 1281, at *38 (E.D. Pa. Jan. 31, 2005) (Davis, J.). While the moving party

---

[1] The Court's original order incorrectly stated that plaintiffs' motion for class certification had been granted in full. [Doc. No. 609.] On April 30, 2008, the Court issued an amended order clarifying that plaintiffs' motion for class certification was denied as to Clifford Chance. [Doc. No. 611.]

[2] On September 12, 2008, plaintiffs filed a petition for permission to appeal the Court's decision to the Third Circuit Court of Appeals. United States Court of Appeals for the Third Circuit, Case No. 08-8045. On December 22, 2008, the Third Circuit ordered the parties to submit additional briefing concerning plaintiffs' petition, which remains pending before the Third Circuit. *Id.* at Doc. No. 00313713944.

has the initial burden of demonstrating the absence of genuine issues of material fact, that burden "may be discharged by showing that the there is an absence of evidence to support the non-moving party's case." *Id.* at *38-39 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once this burden is discharged, the non-movant must establish the existence of each element on which it bears the burden of proof. *Id.* at *39 (citing *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990)).

A plaintiff cannot avoid summary judgment with speculation or conjecture, or by resting on the allegation in his pleadings. *Jones v. Ames Funding Corp.*, 2006 WL 2845689, at *4 (E.D. Pa. Mar. 8, 2006) (Davis, J.); *Mextel, Inc.*, 2005 U.S. Dist. LEXIS 1281, at *39; *Thompson v. Glenmede Trust. Co.*, 1994 U.S. Dist. LEXIS 72, at *6 (E.D. Pa. Jan. 6, 1994). Rather, in order to defeat a motion for summary judgment, a plaintiff must present competent evidence from which a jury could reasonably find in his favor. *Anderson v. Liberty Lobby, Inc,*, 477 U.S. 242, 249 (1986).

I.  **SUMMARY JUDGMENT SHOULD BE ENTERED FOR CLIFFORD CHANCE BECAUSE PLAINTIFFS CANNOT PROVE RELIANCE, A NECESSARY ELEMENT OF THEIR CLAIM**

Reliance by the plaintiff upon the defendant is a necessary element of an action under Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder. *E.g., Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 128 S. Ct. 761, 769 (2008) ("Reliance by the plaintiff upon the defendant's deceptive acts is an essential element of the § 10(b) private cause of action"); *Central Bank of Denver, N.A. v. First Interstate Bank of Denver*, 511 U.S. 164, 180 (1994) ("A plaintiff must show reliance on the defendant's misstatement or omission to recover under 10b-5") (citing *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 206 (1976)); *Basic Inc. v. Levinson*, 485 U.S. 224, 243 (1988) ("reliance is an element of a Rule 10b-5 cause of action"); Memorandum and Order, dated April 29, 2008 [Doc. No. 609] pp.

19-20. Reliance is required in all actions under Rule 10b-5, including cases (such as this) in which claims are asserted based on "scheme liability" under Rule 10b-5(a) and (c). *E.g., Stoneridge Investment Partners, LLC*, 128 S. Ct. at 770; *In re DVI, Inc. Sec. Litig.*, 2005 WL 1307959, at *10 (E.D. Pa. May 31, 2005); Memorandum and Order, dated April 29, 2008 [Doc. No. 609] pp. 19-20.

Courts will presume that such reliance exists in two circumstances. First, under the *Affiliated Ute* presumption, where there is an omission of a material fact by one with a duty to disclose, courts will presume reliance by the investor to whom the duty was owed. *Stoneridge*, 128 S. Ct. at 769; *Affiliated Ute Citizens v. United States*, 406 U.S. at 153-154. Second, under the "fraud on the market" presumption, where the statements or conduct at issue become public, the public information is presumed to be reflected in the market price of the security, and courts will presume reliance by the investor on the statement or conduct. *Stoneridge*, 128 S. Ct. at 769; *Basic Inc*, 485 U.S. at 247.

When neither presumption of reliance is applicable, each plaintiff must individually establish that it actually relied on the defendant's alleged conduct in purchasing or selling the securities at issue. *See Stoneridge*, 128 S. Ct. at 769; *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 174 (3d Cir. 2001); *Semerenko v. Cendant Corp.*, 223 F.3d 165, 178 (3d Cir. 2000); Memorandum and Order, dated April 29, 2008 [Doc. No. 609] p.42.

After extended briefing, this Court held that plaintiffs are not entitled to invoke either the fraud on the market or the *Affiliated Ute* presumptions against Clifford Chance:

> . . . this Court finds that Lead Plaintiffs are not entitled to the fraud on the market presumption to establish reliance with respect to Clifford Chance. Additionally, the Court finds that the Affiliated Ute presumption is equally inapplicable . . .

Memorandum and Order, dated April 29, 2008, Doc. No. 609, pp. 41-42. This ruling constitutes the "law of the case." *Robert Billet Promotions, Inc. V. IMI Cornelius, Inc.*, 1997 U.S. Dist. LEXIS 19544, at *5 (E.D. Pa. Dec. 10, 1997) (law of the case doctrine bars parties from relitigating issues already decided in previous decisions by the trial court); 18 MOORE'S FEDERAL PRACTICE § 134.20-23 (3d ed. 1997); 18 Charles A. Wright, Arthur R. Miller, et al., FEDERAL PRACTICE AND PROCEDURE § 4478 (1981 & Supp. 1997).

Therefore, in order to state a viable claim against Clifford Chance, plaintiffs must establish reliance on Clifford Chance on an individualized basis. Specifically, each plaintiff must prove (1) that "they were aware of, and directly misled by" Clifford Chance's conduct (*Semerenko*, 223 F.3d 165 at 178); and (2) that such conduct "caused [them] "to engage in the transaction in question"—i.e., to purchase DVI securities (*Newton*, 259 F.3d at 174).

Plaintiffs do not contend that they were aware of Clifford Chance's allegedly fraudulent conduct or that such conduct caused them to purchase DVI securities. Clifford Chance LLP And Clifford Chance US LLP's Statement Of Material Undisputed Facts ("MF") Nos. 1, 3. Nor does the record contain any evidence of such knowledge or reliance. MF 2. In fact, plaintiffs admit that, at the time they purchased the securities at issue, they did not know of the scheme in which Clifford Chance allegedly participated.[3] MF 3. Therefore, "[i]t is axiomatic that [. . . plaintiffs' claim] for securities fraud [against Clifford Chance] must be dismissed." *Newton*, 259 F.3d at 174.

---

[3] Plaintiffs are bound by the allegations of their complaint. *Parilla v. IAP Worldwide Services VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004).

## CONCLUSION

For the reasons set forth above, Clifford Chance respectfully requests that the Complaint against Clifford Chance be dismissed with prejudice pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Dated: April 30, 2009

Respectfully submitted,

COOLEY GODWARD KRONISH LLP

By:  /s Celia Goldwag Barenholtz
William J. Schwartz
Celia Goldwag Barenholtz
Rachel B. Kane
Jennifer Lerner

1114 Avenue of the Americas
New York, NY 10036-7798
Phone: (212) 479-6000
Fax:    (212) 479-6275

-and-

John G. Harkins, Jr. (04441)
Marianne Consentino (84928)
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042
Phone: (215) 851-6700

*Attorneys for Defendants Clifford Chance LLP and Clifford Chance US LLP*

## CERTIFICATE OF SERVICE

I, Celia Goldwag Barenholtz, hereby certify that on this 30th day of April, 2009, I caused a true and correct copy of the Clifford Chance LLP and Clifford Chance US LLP's Motion for Summary Judgment, along with the supporting Memorandum of Law and Statement of Material Undisputed Facts, to be served by electronic mail and through the ECF system, upon counsel listed on the attached service list. I further certify that the foregoing has been electronically filed and is available for viewing and downloading from the ECF system.

/s/ Celia Goldwag Barenholtz
Celia Goldwag Barenholtz

## Service List
### *In re DVI, Inc. Sec. Litig.*, 2:03-cv-05336 (LDD)

Clinton A. Krislov, Esq.
Michael R. Karnuth, Esq.
KRISLOV & ASSOCIATES, LTD.
20 North Wacker Drive, Suite 1350
Chicago, IL  60606
Phone: 312-606-0500
Fax: 312-606-0207
Mike@krislovlaw.com
clint@krislovlaw.com
*Lead Attorneys for Plaintiffs*

Steven A. Schwartz, Esq.
Kim Donaldson, Esq.
Kimberly A. Sanders, Esq.
Denise Davis Schwartzman, Esq.
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
1 Haverford Center
Haverford, PA  19041
Phone: 610-642-8500
Fax: 610-649-3633
steveschwartz@chimicles.com
kimdonaldson@chimicles.com
kimberlysanders@chimicles.com
deniseschwartzman@chimicles.com
*Liaison Attorneys for Plaintiffs*

Edward F. Mannino, Esq.
David L. Commerford, Esq.
Jeffrey A. Dailey, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA  19103
Phone: 215-965-1200
Fax: 215-965-1210
emannino@akingump.com
dcomerford@akingump.com
jdailey@akingump.com
*Attorneys for Defendant Deloitte & Touche, LLP*

Jeffrey M. Lindy, Esq.
LINDY & ASSOCIATES, P.C.
1800 JFK Boulevard, Suite 1500
Philadelphia, PA 19103
(215) 575-0702
jlindy@lindylawfirm.com

Peter B. Ladig, Esq.
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
(302) 655-5000
pladig@bayardfirm.com

*Attorneys for Defendant Harry T.J. Roberts*

William P. Quinn, Jr., Esq.
Karen Pieslak Pohlmann, Esq.
Thomas V. Ayala, Esq.
Marc J. Sonnenfeld, Esq.
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Phone: 215-963-5000
Fax: 215-963-5001
wquinn@morganlewis.com
kpohlmann@morganlewis.com
tayala@morganlewis.com
msonnenfeld@morganlewis.com
*Attorneys for Defendants William S. Goldberg, John E. McHugh and Nathan Shapiro*

Robert L. Hickok, Esq.
Christopher J. Huber, Esq.
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103-2799
Phone: 215-981-4000
Fax: 215-981-4750
Hickokr@pepperlaw.com
huberc@pepperlaw.com
*Attorneys for Defendant PresGar Imaging, LLC*

William J. Taylor, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
Phone: 215-665-2000
Fax: 215-665-2013
wtaylor@cozen.com
*Attorneys for Defendant Anthony J. Turek*

Matthew Hamermesh, Esq.
Daniel Segal, Esq.
Michael Viano, Esq.
HANGLEY, ARONCHICK, SEGAL & PUDLIN
One Logan Square, 27th Floor
Philadelphia, PA  19103-6933
Phone: 215-568-6200
Fax: 215-568-0300
mhamermesh@hangley.com
dsegal@hangley.com
mviano@hangley.com
*Attorneys for Defendants Terry Cady, Matthew Colasanti, Matthew Goldenberg and Philip Jackson*

Patricia M. Hamill, Esq.
Vincent T. Cieslik, Esq.
CONRAD O'BRIEN GELLMAN & ROHN, P.C.
15151 Market Street, 16th Floor
Philadelphia, PA  19102-1916
Phone: 215-864-9600
Fax: 215-864-9620
phamill@cogr.com
vcieslik@cogr.com
*Attorneys for Defendant Richard E. Miller*

Bruce M. Cohen, Esq.
Scott R. Lord, Esq.
Robert G. Martin, Esq.
Chun Hsu, Esq.
COHEN & LORD, P.C.
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
Phone: 310-691-2200
Fax: 310-691-2201
bcohen@cohen-lord.com
slord@cohen-lord.com
rmartin@cohen-lord.com
chsu@cohen-lord.com
*Attorneys for Defendant Radnet Mgmt., Inc.*

2

Maura E. Fay, Esq.
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
Phone: 215-575-7000
Fax: 215-575-7200
mfay@dilworthlaw.com
*Attorney for Defendant Steven R. Garfinkel*

Richard L Scheff, Esq.
Jeffrey S. Feldman, Esq.
MONTGOMERY McCRACKEN
   WALKER & RHOADS
123 South Broad Street
Philadelphia, PA 19109-1030
Phone: 215-772-1500
Fax: 215-772-7620
rscheff@mmwr.com
jfeldman@mmwr.com
*Attorneys for Defendant Michael A. O'Hanlon*

Thomas A. Leonard, Esq.
William J. Leonard, Esq.
OBERMAYER REBMANN MAXWELL
   & HIPPEL LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
Phone: 215-665-3000
Fax: 215-665-3165
Thomas.leonard@obermayer.com
William.leonard@obermayer.com
*Attorneys for Defendant Gerald Cohn*

William J. O'Brien, Esq.
Ingrid Graff, Esq.
DELANY & O'BRIEN
325 Chestnut Street, Suite 1212
Philadelphia, PA 19106
Phone: 215-829-4210
Fax: 215-829-4219
wjo@dolaw.com
IHG@dolaw.com
*Attorney for Defendant Radnet Mgmt., Inc.*

Steven D. Johnson, Esq.
GIBBONS P.C.
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Phone: 215-446-6218
Fax: 215-446-6307
sjohnson@gibbonslaw.com
*Attorney for Defendant Thomas J. Pritzker
and The Pritzker Organization*

Robert E. Kelly, Esq.
Patrick M. Loftus, Esq.
Kelly D. Eckel, Esq.
Matthew A. Taylor, Esq.
Matthew M. Ryan, Esq.
DUANE MORRIS LLP
30 South 17th Street – United Plaza
Philadelphia, PA 19103-4196
Phone: 215-979-1000
Fax: 215-979-1020
rkelly@duanemorris.com
loftus@duanemorris.com
kdeckel@duanemorris.com
mataylor@duanemorris.com
mmryan@duanemorris.com
*Attorneys for Defendant John P. Boyle*

3

Julian W. Friedman, Esq.
Maureen Nakly, Esq.
Mary Margulies-Ohnuma, Esq.
Elizabeth Weinstein, Esq.
STILLMAN & FRIEDMAN, P.C.
425 Park Avenue
New York, NY 10022
Phone: 212-223-0200
Fax: 212-223-1942
jfriedman@stillmanfriedman.com
mnakly@stillmanfriedman.com
mohnuma@stillmanfriedman.com
eweinstein@stillmanfriedman.com
*Attorneys for Defendant Gerald Cohn*

Richard A. Levan, Esq.
LEVAN FRIEDMAN LLP
Two Penn Center Plaza, Suite 1422
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Phone: 215-568-9840
Fax: 215-568-9843
rlevan@levanfriedman.com
*Attorney for Defendant Dolphin Medical, Inc.*

Mark C. Hansen, Esq.
Andrew Shen, Esq.
KELLOGG, HUBER, HANSEN, TODD,
    EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: 202-326-7904
Fax: 202-326-7999
mhansen@khhte.com
ashen@khhte.com
*Attorneys for Defendant Thomas J. Pritzker and The Pritzker Organization*

David Ross, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 888-6433
Facsimile: (302) 658-5614
Email: dross@cblh.com
*Attorneys for Defendant Thomas J. Pritzker and The Pritzker Organization*

4