IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CIVIL ACTION |
| DVI INC. SECURITIES LITIGATION | : | |
| | : | No. 03-5336 |

PRELIMINARY SETTLEMENT APPROVAL ORDER

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has received Lead Plaintiffs' Motion for Preliminary Approval of Settlement (Doc. No. 810) in relation to the proposed Settlement of this Litigation in accordance with the Stipulation of Settlement, dated February 18, 2011 (the "Stipulation" or "Settlement"), between Lead Plaintiffs Kenneth Grossman, Cedar Street Fund and Cedar Street Offshore Fund (the "Lead Plaintiffs" or the "Cedar Street Group"), on behalf of themselves and each of the Class Members, and Defendant Gerald Cohn ("Cohn"), which sets forth the terms and conditions of settlement and provide for, *inter alia*, a dismissal and release of claims in this Litigation against Cohn and other Released Parties, and payment by Cohn.

The Court has read and considered the proposed Stipulation, the Lead Plaintiffs' Motion for Preliminary Approval of Settlement, and the exhibits and materials attached thereto and submitted therewith. For purposes of this Preliminary Approval Order, the Court adopts and incorporates wherever possible the Definitions set forth in the Stipulation.

AND NOW, this 3rd day of March, 2011, it is therefore hereby ORDERED as follows:

1.   Persons and entities who are members of the Class as defined by the Court as of the Effective Date of the Stipulation, are eligible to participate in the Settlement.

2. On April 29, 2008, as amended on April 30, 2008 and December 30, 2008, the Court certified a Class consisting of:

> All persons and entities who purchased or otherwise acquired the securities of DVI, Inc. (including its common stock and 9 7/8% Senior Notes), between August 10, 1999 and August 13, 2003, inclusive, and who were thereby damaged. Excluded from the class are Defendants; any entity in which a Defendant has a controlling interest or is a part or subsidiary of, or is controlled by a Defendant; the officers, directors, legal representatives, heirs, predecessors, successors and assigns of any of the Defendants; Plaintiffs named in the <u>WM High Yield Fund, et al. v. O'Hanlon, et al.</u>, No. 04-CV-3423 (E.D. Pa.); and those persons or entities who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Settlement.

3. The Court finds, upon preliminary evaluation, that the proposed Stipulation falls within the range of possible approval, as it provides a beneficial result for the Class and appears to be the product of good faith, informed and non-collusive negotiations between experienced and able counsel. The Court, therefore, preliminarily approves the Stipulation as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Final Fairness Hearing described below and otherwise.

4. The Court also finds, upon a preliminary evaluation, that the Class should be provided with notice of the pendency of this Litigation as a class action and the certification of the Class, as defined above, be apprised of the proposed Settlement, and be afforded the opportunity to take appropriate actions with respect thereto.

5. The Court further finds that the Summary of Information in Notice of Proposed Partial Settlement of Class Action, and Notice of Hearing on Proposed Partial Settlement, Plan of Allocation, and Attorneys' Fee and Expenses ("Notice"), in the form(s) attached to the Stipulation as Exhibits E and A, respectively, and the methodology for the publication, mailing

and distribution of same described in Paragraphs 9 through 12 of this Preliminary Approval Order are: (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Litigation as a certified class action and the proposed Settlement and of their rights with respect thereto; (iii) reasonable, and constitute due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) in conformity with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court and all other applicable laws.

6. The Final Fairness Hearing shall be held on Thursday, May 19, 2011, at 11:00 a.m., in Courtroom 6A, United States Courthouse, 601 Market Street, Philadelphia, PA, 19106, to consider any matters properly before the Court and to consider and/or determine: (a) whether the Stipulation is fair, reasonable and adequate and in the best interests of the Class and should be finally approved; (b) whether the Order of Final Judgment and Dismissal, as provided in the Stipulation, should be approved and entered; (c) whether the Plan of Allocation proposed by Lead Counsel or some other allocation methodology is fair, reasonable, adequate and in the best interests of the Class and should be approved; (d) applications for any award of attorneys' fees, costs and expenses; and (e) such of these and such other matters as the Court may deem appropriate.

7. The Court reserves the right to approve the Settlement, either as presently constituted or with modification approved in writing by all parties, and with or without further notice to Members of the Class. The Court further reserves the right to enter its Order of Final Judgment and Dismissal approving the Stipulation and dismissing the Fifth Amended Complaint

as to Gerald Cohn with prejudice regardless of whether the Court has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.  The Court approves, as to both the form and content, the Summary of Information Notice, the Notice, and the Proof of Claim and Release form, in substantially the form attached to the Stipulation as Exhibits E, B and D, respectively.

9.  Lead Counsel is hereby directed and authorized to retain Strategic Claims Services as Claims Administrator, which shall be subject to the jurisdiction of the Court, to implement, supervise and administer the notice procedure and, if the Settlement is approved, to process Class Member claims and administer the Settlement in accordance with the Stipulation and its Exhibits, including, without limitation, the Order of Final Judgment and Dismissal.

10. The Claims Administrator shall cause the Notice and the Proof of Claim and Release form, substantially in the form attached hereto, to be mailed, by first class mail, postage prepaid, no later than Tuesday, March 15, 2011, to all Class Members who can be identified with reasonable effort.  The Court finds that Lead Counsel has been supplied with a sufficient amount of records in connection with the Class Period purchasers of DVI securities, including Class Member data obtained in the previous settlements approved by this Court on November 17, 2006, November 5, 2007, April 30, 2008, and August 28, 2009, and that use of these records to compile the mailing list for the Notice, and mailing the Notice to the Persons identified in such records at their addresses indicated therein, will satisfy Lead Counsel's obligation in this regard. Nominee owners, such as brokerage firms, online trading companies and other persons who held or now hold DVI common stock and/or 9 7/8% Senior Notes as record owners, but not as beneficial owners, and who have not timely filed a valid claim form in the previous settlements

in this case, are directed to follow the directions in the Notice and Proof of Claim and Release form, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release form promptly to such beneficial owners as are identified by nominees and brokers.  Additional copies of the Notice and Proof of Claim and Release form shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and any record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation as set forth in detail in the Notice, for the reasonable expense of sending the Notice and Proof of Claim and Release form to beneficial owners.

11. The Claims Administrator shall, on or before Tuesday, March 22, 2011, cause the Summary Notice to be published as a display advertisement on one occasion in the national edition of *The Wall Street Journal*; and editions of the *Chicago Tribune* and the *Philadelphia Inquirer*, and shall cause the Summary Notice to be published on one occasion on the Globe Newswire.

12. Not later than five (5) days after entry hereof, the Claims Administrator shall make the Notice accessible in a reasonably prominent location on its website.

13. Lead Counsel shall, no later than ten (10) calendar days before the Fairness Hearing, serve on Cohn's counsel, and file with the Court proof of mailing of the Notice and Proof of Claim and Release form and proof of publication of the Summary Notice, as required herein.

14. The form and method of notifying the Class of the pendency of the Litigation as a class action, certification of a Class, and the terms and conditions of the proposed Settlement meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of

the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the United States Constitution (including the Due Process Clause), and any other applicable law; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto.

15. Any Class Member who wishes to be excluded from the Class must timely request in writing to be excluded from the Class. The request for exclusion must be *received* by the Claims Administrator at the address below no later than Friday, April 22, 2011:

> DVI, Inc. Securities Litigation
> C/O Strategic Claims Services
> Exclusions
> Claims Administrator
> 600 N. Jackson Street, Suite 3
> Media, PA  19063
> www.strategicclaims.net
> (610) 565-9202

16. Class Members who do not timely and validly effect their exclusion from the Class as provided in the Notice shall be subject to the Court's jurisdiction and bound by all proceedings, determinations, orders and judgments in the Litigation to the maximum extent provided by law, whether favorable or unfavorable to the Class, including the release by all Releasors of all Released Claims against all Released Parties.

17. Potential Class Members timely and validly requesting exclusion from the Class in the manner set forth in the Notice shall not be entitled to receive any payment out of the Settlement Fund as described in the Stipulation and Notice.

18. Class Members who did not submit a Proof of Claim form in the November 17, 2006 settlement, November 5, 2007 settlement, April 30, 2008 settlement, or in the August 28,

2009 Settlement, as referenced in the Stipulation, who do not effectively exclude themselves from this Settlement, and who wish to participate in recoveries under the Stipulation, are subject to and must follow all procedures and requirements set forth in the Notice, herein, and in the Order of Final Judgment and Dismissal, and must complete and submit Proof of Claim forms in strict accordance with the instructions contained therein.  Specifically, but without limitation, until and unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted to the Claims Administrator by first class mail, postmarked or received by the Claims Administrator by no later than Wednesday, August 31, 2011, as provided for by the Notice, Orders of the Court, and Proof of Claim and Release form.

19. For those Class Members who submitted a timely and valid Proof of Claim form in the November 17, 2006 settlement, the November 5, 2007 settlement, the April 30, 2008 settlement, or the August 28, 2009 settlement, that Proof of Claim and Release form will serve as a proper Proof of Claim and Release form in this Settlement and those Class Members are eligible to recover in this Settlement without needing to submit an additional Proof of Claim and Release form.

20. Each Class Member who submits a Proof of Claim and Release form or who submitted a Proof of Claim and Release form in the November 17, 2006 settlement, the November 5, 2007 settlement, the April 30, 2008 settlement, or in the August 28, 2009 settlement, shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the Settlement becoming Effective) release all Released Claims as provided in the Stipulation.

21. Lead Counsel or his designated agent(s), including the Claims Administrator, are hereby authorized and directed to commence notice and publication procedures and to make appropriate provisions for receipt and processing of requests for exclusion and claims and shall, among other things, rent one or more post office boxes, as needed, to be used for receiving requests for exclusion and other Class Member communications, arrange for printing and mailing the Notice and contract for publication of the Summary Notice.

22. Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and Cohn's counsel a notice of appearance such that it is received by them and the Clerk of the Court by the date and the manner specified in the Notice. Any Class Member who does not so enter a timely appearance will be deemed to consent to be represented by Lead Counsel.

23. Pursuant to and as set forth in the Notice, any Class Member who has not validly and timely requested to be excluded from the Class may appear and show cause, if he, she or it has any reasons why the proposed Settlement of the Litigation should not be approved, why the Order of Final Judgment and Dismissal should not be entered, why the Plan of Allocation should not be approved, why a Fee Award should not be awarded; provided, however, that no Class Member shall be heard with respect to or entitled to contest any of the matters referred to in this Paragraph, unless that Class Member has filed, served and supported written objections in accordance with the procedures, requirements and deadlines set forth in the Notice. Any Class Member who does not make, file and serve his, her or its objection(s) in such manner shall be deemed to have waived such objection(s) and shall be forever barred and foreclosed from making

any objection to the proposed Settlement, to the Order of Final Judgment and Dismissal, to the Plan of Allocation and to the award of a Fee Award.

24. The Court will consider comments and/or objections to the Settlement, the Order of Final Judgment and Dismissal, the Plan of Allocation or the award of a Fee Award to counsel only if such comments or objections and any supporting papers are filed in writing and in full conformance with all terms of the Notice on or before Friday, April 22, 2011, with the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, showing due proof of service by hand delivery or first class mail, postage prepaid, on or before ten (10) days prior to the date initially set for the Fairness Hearing, on all of the following:

On behalf of Lead Plaintiff and the Settlement Class:

>KRISLOV & ASSOCIATES, LTD.
>Clinton A. Krislov
>Michael R. Karnuth
>20 N. Wacker Drive, Suite 1350
>Chicago, IL   60606
>Fax:  312-606-0207

On behalf of Defendant Gerald Cohn:

>STILLMAN, FRIEDMAN & SHECHTMAN, P.C.
>Julian W. Friedman
>425 Park Avenue
>New York, New York 10022
>Fax: (212) 223-1942

>   and

>OBERMAYER REBMANN MAXWELL & HIPPEL LLP
>One Penn Center –19th Floor

      1617 John F. Kennedy Boulevard
      Philadelphia, Pennsylvania 19103-1895
      Fax: (215) 665-3165

    25.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Releasors (including all Class Members), and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Party.  Nor shall any Releasor (including any Class Member) transfer, assign, encumber or dispose of any Released Claim.

    26.  If: (a) the Court rejects the Order of Final Judgment and Dismissal in substantially the form and content attached to the Stipulation as Exhibit B, including the release by Releasors of all Released Claims against all Released Parties, and Lead Counsel and counsel for Cohn fails to consent to the entry of another form of order in lieu thereof; (b) the Court rejects the Stipulation, including any amendment thereto approved by Lead Counsel and counsel for Cohn; or (c) the Court approves the Stipulation, including any amendment thereto properly approved by Lead Counsel and counsel for Cohn, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Approval Order, with respect to the Stipulation, shall be null and void, of no further force or effect, without prejudice to any party, may not be introduced as evidence or referred to in any actions or proceedings by any Person, other than to enforce the terms remaining in effect, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation (except Notice and Administration Costs, and taxes, incurred or expended shall not be returned to Cohn), provided that the provisions of paragraphs 40 and 41 and the last two sentences of paragraph 30 of the Stipulation

shall apply.

27.     Proponents of the Settlement, or any aspects thereof, shall file any and all supporting memoranda and materials in support of the Settlement, the Order of Final Judgment and Dismissal, the Plan of Allocation and any application for a Fee Award, no later than ten (10) calendar days before the Final Fairness Hearing.

                                                                BY THE COURT:

                                                                /S/LEGROME D. DAVIS

                                                                Legrome D. Davis, J.