**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In Re DVI, Inc. Securities Litigation** | : | **Case No. 2:03-CV-5336** |
| | : | **Hon. Legrome D. Davis** |

**LEAD PLAINTIFF'S MOTION TO CLARIFY, VACATE, AND/OR RECONSIDER THE MARCH 28, 2011 ORDER DENYING AS MOOT LEAD PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S SEPTEMBER 3, 2010 ORDER**

Lead Plaintiffs respectfully move this Court to clarify, vacate and/or reconsider this Court's March 28, 2011 Order denying as moot Lead Plaintiffs' Motion for Partial Reconsideration of the Court's September 3, 2010 Order, and in support states:

1. On September 3, 2010, this Court entered an order denying in part and granting in part Deloitte & Touche LLP's Motion for Summary Judgment on loss causation. Specifically, this Court granted Deloitte's motion for summary judgment and excluded from consideration disclosures and price declines on September 25, 2002, May 13, 2003, June 5-6, 2003 and July 16, 2003.

2. On September 17, 2010, Lead Plaintiffs moved for partial reconsideration of two dates this Court excluded – September 25, 2002 and May 13, 2003 (Docket #791). Plaintiffs' motion was fully briefed (docket #'s 793, 795 and 798) and pending argument and/or court decision.

3. On March 28, 2011, this Court entered its order denying Lead Plaintiffs' Motion for Partial Reconsideration as Moot (Docket #814).

4. Lead Plaintiffs are unaware of any event that occurred on or prior to March 28, 2011 that would render their Motion for Partial Reconsideration moot.

On March 29, 2011, the Third Circuit Court of Appeals entered its decision affirming this Court's class certification ruling, which granted Lead Plaintiffs' motion for class certification as against all defendants except Clifford Chance LLP. In assessing this Court's class certification ruling, the Third Circuit's decision referenced this Court's subsequent September 3, 2010 summary judgment decision, but did not issue any ruling on the merits of that decision. *See* Third Circuit's March 29, 2011 Order, at 33 fn21 (attached hereto as Exhibit 1; stating "The District Court, ruling on a motion for summary judgment, subsequently held the September 25, 2002, May 13, 2003, June 5-6, 2003, and July 16, 2003, disclosures were not corrective disclosures as a matter of law."). If anything, the Third Circuit's decision provides support for Lead Plaintiffs' Reconsideration Motion. *Compare* Plaintiffs' Brief in Support of Motion for Partial Reconsideration (docket # 791) at pp. 2-7 (section titled: "The September 25, 2002 Disclosure is Within the Two-Day Event Window of the September 24, 2002 Disclosure Accepted by this Court") *with* the Third Circuit's decision at p. 25 ("That some information took two days to affect the price does not undermine a finding of efficiency.").

WHEREFORE, given that there is no apparent event that occurred which would justify denying Lead Plaintiffs' Motion for Partial Reconsideration of this Court's September 3, 2010 Order as moot, Lead Plaintiffs respectfully request that the Court clarify, vacate and/or reconsider its March 28, 2011 order.

Dated: April 4, 2011

Respectfully submitted,

KRISLOV & ASSOCIATES, LTD.

By: /s/ Michael R. Karnuth

Clinton A. Krislov, Esq.
Michael R. Karnuth, Esq.
Robert DeWitte, Esq.
Eve-Lynn J. Rapp, Esq.
20 North Wacker Drive
Chicago, Illinois 60606
Phone: 312-606-0500
Fax: 312-606-0207
*Plaintiffs' Lead Counsel*

CHIMICLES & TIKELLIS, LLP
Steven A. Schwartz, Esq.
Attorney I.D. No. 50579
Kimberly M. Donaldson-Smith, Esq.
361 W. Lancaster Avenue
One Haverford Centre
Haverford, PA 19041
Phone: 610-642-8500
Fax: 610-649-3633
*Plaintiffs' Liaison Counsel*