IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          :        CIVIL ACTION
DVI INC. SECURITIES LITIGATION                  :        No. 03-5336

MEMORANDUM

Legrome D. Davis, J.                                     January 4, 2013

      Plaintiff investors in Diagnostic Ventures, Inc. ("DVI") sue for violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5. See In re DVI Inc. Sec. Litig., 249 F.R.D. 196 (E.D. Pa. 2008), aff'd, 639 F.3d 623 (3d Cir. 2011) for the history and factual background of this action. Jurisdiction is the Exchange Act, 15 U.S.C. § 78aa, and federal question, 28 U.S.C. § 1331.

      Defendants Clifford Chance LLP and Clifford Chance US LLP move for summary judgment (Doc. Nos. 687, 688). During the relevant time period, these Defendants provided legal advice to DVI on its disclosure obligations under the federal securities laws. The motion asserts that the record is devoid of evidence that investors relied upon Clifford Chance's allegedly deceptive acts.[1] Also, the complaint does not aver that Clifford Chance made any public statements that affected the market for DVI's securities. Lead Plaintiffs oppose the motion, asserting that Clifford Chance should be held primarily liable as "the creator, mastermind, and instigator" of DVI's scheme to defraud and the mis-statements in its public filings. Pls. Response ¶ 9, Doc. No. 693 at 4. The motion for summary judgment is granted because Clifford Chance cannot be held liable for assisting in the alleged scheme or making any mis-statements in DVI's public filings.

---

[1] Reliance is one of the essential elements of a § 10(b) and Rule 10b-5 private cause of action: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc., 552 U.S. 148, 157, 159 (2008).

I. PROCEDURAL AND FACTUAL BACKGROUND

The Complaint, as filed on September 23, 2003, and amended for the fifth time and deemed filed on May 23, 2006, alleges that Clifford Chance participated in a deceptive scheme to defraud purchasers of DVI's securities in violation of § 10(b) and Rule 10b-5(a) and (c).[2] Compl. ¶ 560, Doc. No. 298. Specifically, it is averred: Clifford Chance facilitated the scheme by drafting fraudulent financial reports and, in particular, DVI's 10-Q disclosure for the quarter ending September 30, 2002; conspiring with other defendants to hide material information about the company's financial condition; and thwarting the Securities Exchange Commission's investigation of DVI. Id. ¶¶ 363-409, ¶¶ 558-65 (Count V). It is contended that these averments invoke "a presumption of reliance under the 'fraud-on-the-market'[3] theory." Id. ¶ 486.

The Complaint avers that at the time Plaintiffs purchased DVI's securities, they "did not know DVI's true financial condition or the scheme to conceal it." Compl. ¶ 564. Also, "they did not know of any of the false and/or misleading statements and omissions" in DVI's public filings. Id. ¶ 506. It is not averred that Clifford Chance made any misleading or false statements

---

[2] Subsections (a) and (c), respectively, make it unlawful to "employ any device, scheme, or artifice to defraud," and to "engage in any act, practice, or course of business which operates . . . as a fraud," 17 C.F.R. § 240.10b-5(a), (c). The Complaint avers violations of Rule 10(b)-5(a) and (c), but not Rule 10b-5(b), which prohibits "mak[ing] any untrue statement of material fact" or omitting a material fact necessary to clarify prior misleading statements. Id. § 240.10b-5(b). "We refer to claims under Rule 10b-5(a) and (c) as 'scheme liability claims' because they make deceptive conduct actionable, as opposed to Rule 10b-5(b), which relates to deceptive statements." In re DVI, Inc. Sec. Litig., 639 F.3d 623, 643 n.29 (3d Cir. 2011).

[3] A rebuttable presumption of reliance may be found in two circumstances: Under the "fraud-on-the-market" doctrine, reliance on the integrity of the market price for a security is presumed. Basic, Inc. v. Levinson, 485 U.S. 224, 247 (1988). Most publicly available information is reflected in the security's market price. Id. When statements or conduct become public, "[t]hen it can be assumed that an investor who buys or sells stock at the market price relies upon the statement [or conduct]." Stoneridge, 552 U.S. at 159 (citing Basic, 485 U.S. at 247). Under Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 153-54 (1972), where one with a duty to disclose omits to reveal material information, "the investor to whom the duty was owed need not provide specific proof of reliance." Stoneridge, 552 U.S. at 159.

to the public.  Cf. id. ¶¶ 408, 560 (DVI allegedly made public statements).  Moreover, Lead Plaintiffs concede that Clifford Chance's conduct was "not itself publicly disclosed."  Pls. Br., Doc. No. 620-1 at 11.  They acknowledge that none of the statements contained in DVI's public filings was publicly attributed to Clifford Chance.  See, e.g., Pls. Appellate Br. at 25 ("Clifford Chance's name was not attached to the 10-Q" and "law firm is not identified as the scrivener of the false and misleading statements"), 106 ("name never appeared in the 10-Q"), Doc. No. 694.

On December 4, 2006, Lead Plaintiffs moved under Fed. R. Civ. P. 23(a) and 23(b)(3) to certify a class of all of the investors who purchased DVI securities during August 10, 1999 to August 13, 2003 – the period in which the company allegedly made misrepresentations.  Pls. Mot., Doc. No. 406.  In addition to "fraud-on-the-market," the motion for class certification invoked the presumption of reliance set forth in Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 153-54 (1972) – a theory not stated in the Complaint.  Pls. Reply Br., Doc. No. 451 at 101-04.

On April 29, 2008, class certification was granted as to all Defendants but Clifford Chance.  Apr. 29, 2008 Mem. & Order, Doc. No. 609; May 30, 2008 Am. Order, Doc. No. 611; In re DVI Inc. Sec. Litig., 249 F.R.D. 196 (E.D. Pa. Apr. 29, 2008).  That decision relied in large part on Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc., 552 U.S. 148, 159-162 (Jan. 15, 2008) (declining to extend the reach of the § 10(b) private cause of action by presuming that investors in an efficient market rely on non-public transactions reflected in public statements).  In pertinent part, this Court ruled that "Lead Plaintiffs do not allege that Clifford Chance directly made any public misstatements that affected the market for DVI securities." DVI, 249 F.R.D. at 217.  Lead Plaintiffs were not entitled to the fraud-on-the-market presumption to establish

reliance as to Clifford Chance because "none of [Clifford Chance's] alleged conduct was publically disclosed such that it affected the market for DVI's securities." Id. at 218, 216-18 & nn.38, 39. Additionally, "the Affiliated Ute presumption is equally inapplicable because Clifford Chance owed no duty of disclosure to DVI's investors." Id. at 218. Because neither presumption of reliance could be established through class-wide proof, "individual issues of reliance will predominate over common issues of law and fact with respect to Clifford Chance."[4] Id. Therefore, Lead Plaintiffs could not meet Rule 23(b)(3)'s predominance requirement[5] and class certification was denied as to Clifford Chance.

On May 14, 2008, Lead Plaintiffs moved for reconsideration of the class-certification order. The motion asserted that Clifford Chance's participation in the alleged scheme that produced mis-statements in the 10-Q was sufficient to establish its primary liability under a "remoteness test" suggested by Stoneridge. Pls. Mot. & Br., Doc. Nos. 620, 620-1 at 8-10. However, Stoneridge "did not create such a remoteness test for private causes of action." DVI, 639 F.3d at 646-47 & n.32. The invitation to fashion a novel presumption of reliance based on the degree of immediacy that a secondary actor's conduct might bear to an allegedly deceptive scheme was declined. DVI, 249 F.R.D. 216-17; Aug. 27, 2008 Order, Doc. No. 648 at 5-6, denying reconsideration.

---

[4] Each Plaintiff investor must prove "reliance on a fraudulent material misrepresentation or omission," Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 174 (3d Cir. 2001). This includes proof that each was "aware of, and directly misled by" Clifford Chance's conduct, Semerenko v. Cendant Corp., 223 F.3d 165, 178 (3d Cir. 2000), and that such conduct caused each "to engage in the transaction in question," Newton, 259 F.3d at 174 (citations and internal quotation marks omitted).

[5] Requirement that "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

On September 12, 2008, Lead Plaintiffs petitioned under Fed. R. Civ. P. 23(f) for leave to appeal the interlocutory denial of class certification as to Clifford Chance. In addition to arguments that had been presented to the district court, they asserted for the first time that Clifford Chance was primarily liable under Rule 10b-5(b) for mis-statements made in the 10-Q. In essence, their position was that Clifford Chance's deceptive conduct was communicated to the public through DVI's public filings. They asserted that Stoneridge only requires publication of the fraudulent acts, but does not require public attribution of those acts to a particular defendant.

On April 30, 2009, Clifford Chance filed the instant motion for summary judgment, asserting as material, uncontested facts:

1. Plaintiffs do not contend that they relied on any conduct by Clifford Chance in purchasing or selling securities.

2. There is no evidence in the factual record that plaintiffs relied on any conduct by Clifford Chance in purchasing or selling DVI securities.

3. At the time they purchased the securities at issue, plaintiffs did not know about the fraudulent scheme in which Clifford Chance allegedly participated. . . . Complaint ¶ 564.

Defs. Statement of Facts, Doc. No. 688 at 1.

On July 1, 2009, Lead Plaintiffs moved to stay briefing on the motion for summary judgment pending resolution of their appeal or, in the alternative, to have their moving papers treated as an opposition to summary judgment. Doc. Nos. 693, 694. Their opposition consisted of a request that the motion for summary judgment be decided "based on legal arguments and factual evidence set forth in Lead Plaintiffs' Rule 23(f) merits brief and related portions of their Third Circuit appendix," which had been submitted initially with their petition for interlocutory review of the April 29, 2008 class-certification order. Pls. Response, Doc. No. 693 at 1, 4.

On October 13, 2009, decision on the motion for summary judgment was stayed pending resolution of the issues on appeal before the Third Circuit. Oct. 13, 2009 Order, Doc. No. 744. On March 29, 2011, our Court of Appeals affirmed the denial of class certification as to Clifford Chance because individual issues of reliance predominated. In sum, it was held that

> a plaintiff cannot invoke the fraud-on-the-market presumption of reliance in a private action under Rule 10b-5(a) and (c) unless the deceptive conduct has been publicly disclosed and attributed to the actor. Here, because plaintiffs do not contend Clifford Chance's alleged role in masterminding the fraudulent 10-Q was disclosed to the public, they cannot invoke the presumption.

DVI, 639 F.3d at 649 (discussed infra).

By letter dated April 27, 2011, Clifford Chance requested that the stay imposed on its motion for summary judgment be lifted. Letter Request, Doc. No. 819. On June 17, 2011, Clifford Chance renewed its request, filing a notice of recent authority – Janus Capital Grp., Inc. v. First Derivative Traders, 131 S. Ct. 2296 (U.S. June 13, 2011). Defs. Notice, Doc. No. 830.

II.     SUMMARY JUDGMENT FINDINGS OF FACT

1.     The Complaint does not contain any averments that the Plaintiff investors relied on Clifford Chance's conduct in purchasing or selling DVI's securities.

2.     The Complaint does not contain any averments that Clifford Chance publicly made any false, misleading, or fraudulent statements or omissions contained in DVI's public filings.

3.     At the time the Plaintiff investors purchased DVI's securities, they did not know about the fraudulent scheme in which Clifford Chance allegedly participated to conceal DVI's true financial condition.

4.     At the time the Plaintiff investors purchased DVI's securities, they also did not

know of any false, misleading, or fraudulent statements or omissions contained in DVI's public filings.

    5.    The record contains no evidence that the Plaintiff investors relied on any conduct or statements made by Clifford Chance in purchasing or selling DVI's securities.

    6.    The record contains no evidence that Clifford Chance publicly made any false, misleading, or fraudulent statements or omissions contained in DVI's public filings.

III.    ANALYSIS

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). This requires "affirmative evidence . . . from which a jury might return a verdict in his favor." Id. at 257; Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (must set forth specific facts showing the existence of a genuine issue for trial); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (ruling that "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial") (citation and internal quotation marks omitted).

Lead Plaintiffs' response to the motion for summary judgment does not comply with Rule 56's requirements by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The Rule 23(f) materials are not a separate, concise, and explicit statement of the facts material to the summary judgment proceeding. Lead Plaintiffs' brief to the Third Circuit is

not "a brief in opposition" to the motion for summary judgment "together with such answer or other response that may be appropriate." Local R. Civ. P. 7.1(c).

Clifford Chance asserts that the shortcomings in Lead Plaintiffs' response effectively waive the Plaintiff investors' rights to controvert the facts stated in the motion for summary judgment. See, e.g., Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175-76 (3d Cir. 1990) (suggesting that "a local rule . . . could provide, or be construed to mean, that all of the uncontroverted facts stated in or in connection with the motion may be accepted as true by the court whether or not so evidenced" in the record).  However, judgment may not be granted on that ground alone.  Clifford Chance, as the moving party, must still demonstrate "entitle[ment] to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Loc. R. Civ. P. 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested, except as provided under Fed. R. Civ. P. 56.").  Where the opponent of a motion for summary judgment has the burden of proof on the relevant issue, as Lead Plaintiffs do here as to reliance and other elements of a private cause of action, the moving party will succeed only if "deficiencies in the opponent's evidence designated in or in connection with the motion entitle[ ] the moving party to judgment as a matter of law." Anchorage, 922 F.2d at 175.  Clifford Chance has met its burden of proof as the moving party.

Considering the record as a whole along with the Rule 23(f) materials, there is no evidence of genuine triable disputes as to the element of reliance – an element of all private actions under § 10b and Rule 10b-5. Stoneridge, 552 U.S. at 159 ("an essential element"); Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 180 (1994) ("critical for recovery under 10b-5"); Basic. Inc. v. Levinson, 485 U.S. 224, 243 (1988)

("[r]eliance provides the requisite causal connection between a defendant's misrepresentation and a plaintiff's injury").  The record does not establish that the Plaintiff investors knew about or otherwise relied on any conduct or statements made by Clifford Chance at the time that they purchased or sold DVI's securities.  The record shows the opposite – that none of the alleged conduct was publicly disclosed and attributed to Clifford Chance.

Moreover, the Plaintiff investors have not submitted any evidence of individualized reliance on Clifford Chance.  The record has not been supplemented since our Court of Appeals ruled in affirming the class-certification order that "Stoneridge . . . precludes plaintiffs' invocation of the fraud-on-the-market presumption of reliance."  DVI, 639 F.R.D. at 646, 647 ("we cannot materially distinguish the facts in this case from those in Stoneridge").  Also, "plaintiffs' claims fail because they cannot demonstrate they relied on Clifford Chance's own deceptive conduct."[6]  Id. at 648.  In addition, the Plaintiff investors have not submitted any new evidence that might warrant consideration of the Affiliated Ute presumption of reliance.  In this regard, the record also has not changed since the class-certification order was issued.  DVI, 249 F.R.D. at 218 ("the Court finds that the Affiliated Ute presumption is equally inapplicable because Clifford Chance owed no duty of disclosure to DVI's investors") (citing Stoneridge, 552 U.S. at 159)).  Our Court of Appeals affirmed that ruling.  DVI, 639 F.3d at 629, 643 n.30.

---

[6] It was held "that in order for a plaintiff to invoke the fraud-on-the market presumption of reliance against a secondary actor in a scheme liability action under § 10(b), the plaintiff must show the deceptive conduct was publicly attributed to that secondary actor. . . . It is insufficient to show only that the deceptive conduct was publicly disclosed through other statements or conduct; the public must be made aware of the defendant's acts."  DVI, 639 F.3d at 648 (citations and internal quotation marks omitted); see also Stoneridge, 552 U.S. at 160 (rejecting the argument that "investors rely not only upon the public statements relating to a security but also upon the transactions those statements reflect").

9

The arguments presented in the Rule 23(f) materials do not affect this outcome. Citing the Model Rules of Professional Conduct (MRPC), Lead Plaintiffs suggest that Clifford Chance had a duty to disclose material information regarding the 10-Q to DVI's investors, which commends application of the Affiliated Ute presumption of reliance. Our Court of Appeals did not reach these contentions because they had not been presented to the district court. DVI, 639 at 643 n.30 ("the MRPC claim is nowhere to be found in the record"). The MRPC contentions have not been presented here for decision either. Lead Plaintiffs may not amend the Complaint and present the MRPC argument as a genuine controversy by a wholesale incorporation of their appellate filings.

Here, each of the Plaintiff investors has the burden of proving individualized reliance on Clifford Chance's conduct or statements. However, they have not done so. Summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will have the burden of proof at trial. Celotex, 477 U.S. 322-23 ("there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial") (quoting former Fed. R. Civ. P. 56(c)).

Furthermore, there are no genuine triable disputes as to Clifford Chance's liability under Rule 10b-5(b) – these Defendants have no such liability. The Complaint avers violations of Rule 10b-5(a) and (c), but not Rule 10b-5(b). The Complaint does not contain any averments that Clifford Chance made any public statements, let alone false or fraudulent statements, that caused the Plaintiff investors to purchase or sell DVI's securities. The Complaint does not attribute to Clifford Chance any public mis-statement that affected the market for DVI's securities. See

DVI, 639 F.3d at 643 & n.30 ("Complaint asserts that Clifford Chance participated in the drafting of DVI's 10-Q, [but] it does not aver that the firm actually made a misrepresentation except as a predicate for the scheme liability allegations. . . ¶¶ 562-63."), aff'g, 249 F.R.D. at 217. The Plaintiff investors may not amend the Complaint by submitting the Rule 23(f) materials and then arguing a theory of liability that was first presented to the Third Circuit on the interlocutory appeal of the class-certification order. See Fed. R. Civ. P. 15; Parilla v. IAP Worldwide Servs. VI, Inc., 368 F.3d 269, 275 (3d Cir. 2004) (pleadings are binding).

Importantly, nothing in the factual record suggests that a Rule 10b-5(b) mis-statement claim against Clifford Chance might be viewed as having merit. The record has not been supplemented since our Court of Appeals ruled that "Plaintiffs waived their Rule 10b-5(b) theory of recovery when they failed to raise it before the District Court." DVI, 639 F.3d at 643 n.30. It is still the case there is no evidence that Clifford Chance publicly made any false, misleading, or fraudulent statements or omissions contained in DVI's public filings.

In response to the motion for summary judgment, Lead Plaintiffs do not proffer any evidence to support a Rule 10b-5(b) mis-statement claim. Instead, they assert that Clifford Chance should be held primarily liable as "the creator, mastermind, and instigator" of DVI's scheme to defraud and the mis-statements in its public filings. Pls. Response ¶ 9, Doc. No. 693 at 4. In their Rule 23(f) materials, Lead Plaintiffs propose that an actor should be held primarily liable when he knowingly or recklessly plays such a substantial role in the creation of the statement that he could be said to be the author or "creator" of the statement. As support for this standard of liability, they cite a vacated panel opinion, Klein v. Boyd, Fed. Sec. L. Rep. (CCH)

11

P90,136, 1998 WL 55245 (3d Cir. Feb. 12, 1998), vacated, reh'g granted, Fed. Sec. L. Rep. (CCH) P90, 165 (3d Cir. Mar. 9, 1998) (case settled and was not reheard).

The proposed "creator" theory is not viable. Under the standard of liability for a Rule 10b-5(b) mis-statement claim as set forth in Janus Capital Grp., Inc. v. First Derivative Traders, 131 S. Ct. 2296 (U.S. 2011), Clifford Chance did not make any statements in the 10-Q or otherwise through its alleged assistance in the deceptive scheme.

Janus draws a "clean line" between those who are primarily liable, and may be sued in a private action, and those who are secondarily liable, and may not be sued: the "maker" of a statement "is the person or entity with ultimate authority over a statement and others are not." Id. 131 S. Ct. at 2302 n.6. As the Supreme Court in Janus explained:

> Stoneridge . . . suggests the rule we adopt today: that the maker of a statement is the entity with authority over the content of the statement and whether and how to communicate it. Without such authority, it is not 'necessary or inevitable' that any falsehood will be contained in the statement.

Id. at 2303 (quoting Stoneridge, 552 U.S. at 161 (emphasizing that "nothing [the defendants] did made it necessary or inevitable for [the company] to record the transactions as it did")). See also id. at 2304 ("no reason to treat participating in the drafting of a false statement differently from engaging in deceptive transactions," such as those in Stoneridge). Relying in large part on Stoneridge, our Court of Appeals correctly ruled that :

> [N]o alleged act by Clifford Chance made it necessary for DVI to file the misleading 10-Q. Even assuming Clifford Chance developed the workaround to avoid disclosure of DVI's material weaknesses, and DVI would have issued a truthful 10-Q if the law firm did not present this alternative, it was still DVI, not Clifford Chance, that filed it.

DVI, 639 F.3d at 647.

Our Court of Appeals declined to reach the "creator" test, as proffered by Lead Plaintiffs under Klein, for determining what constitutes "mak[ing] any untrue statement of a material fact" under Rule 10b-5(b) because it had not been presented to the district court.  DVI, 639 F.3d at 643 n.30.  Nonetheless, in the context of this litigation, the "creator" theory no longer has any merit.  Janus considered proposed theories of liability based on a "uniquely close" and "significantly involved" "relationship of influence" between a mutual fund and its investment advisor.  131 S. Ct. at 2304-05.  Janus rejected this position as a basis for Rule 10b-5(b) liability.  It did so primarily because "any reapportionment of liability in the securities industry in light of the close relationship between investment advisers and mutual funds is properly the responsibility of Congress and not the courts," and the proposed "rule would create broad liability that we rejected in Stoneridge [aiding and abetting liability]."  Id. at 2304.  There is no apparent reason to treat the proffered relationship of influence here between DVI and its lead counsel, Clifford Chance, any differently.

Moreover, none of the statements in DVI's 10-Q was publicly attributed to Clifford Chance – Lead Plaintiffs acknowledge as much.  Regardless of whether a statement is directly or indirectly communicated to a recipient, Janus ruled that "attribution is necessary" for any liability under Rule 10b-5(b).  131 S. Ct. at 2305 n.11.

Janus and Stoneridge as well as the rulings by our Court of Appeals in DVI control the outcome here.  The Plaintiff investors have not produced any evidence of individualized reliance

on Clifford Chance.  Clifford Chance cannot be held liable for assisting in the alleged deceptive scheme or for making any mis-statements in DVI's public filings.

An order accompanies this memorandum.

BY THE COURT:


Legrome D. Davis, J.