IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE                                            :        CIVIL ACTION
DVI, INC. SECURITIES LITIGATION   :        No. 03-5336

## ORDER - MEMORANDUM

AND NOW, this 4th day of January, 2013, it is hereby Ordered that

- Defendant Deloitte & Touche LLP's Motion for Leave to File Reply in Support of Its Motion to Certify Question for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. No. 799) is GRANTED; and

- Defendant Deloitte & Touche LLP's Motion to Certify Question for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. No. 792) is DENIED.

Defendant Deloitte & Touche LLP moves to amend the September 3, 2010 Memorandum and Order[1] (Doc. Nos. 789. 790) to certify the following question for interlocutory appeal under 28 U.S.C. § 1292(b):[2]

> In an action under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, which of the following standards applies to the loss causation requirement:
> (1) a corrective disclosure that reveals at least part of the falsity of the alleged misrepresentation and reveals new information to the market; or
> (2) a showing that a loss was foreseeable and was caused by a materialization of a concealed risk?

Lead Plaintiffs oppose certification because the "proposed question does not raise a controlling question of law for which there is substantial ground for difference of opinion . . . [and] would

---

[1] The September 3, 2010 decision granted in part and denied in part Deloitte & Touche LLP's motion for summary judgment on loss causation (Doc. Nos. 685, 689, 691). In re DVI, Inc. Sec. Litig., No. 03-5336, 2010 WL 3522090 (E.D. Pa. Sept. 3, 2010).

[2] "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b).

not materially advance the ultimate termination of the litigation." Pls. Br., Doc. No. 796 at 6. Deloitte says that certification is warranted because the September 3, 2010 memorandum decision "kept in the case disclosures that do not satisfy loss causation under the [Third Circuit's] 'corrective disclosure' standard if the disclosures satisfied the [Second Circuit's] 'materialization of the risk standard' standard." Def. Br., Doc. No. 792-1 at 2-3 (decision applied the "more lenient 'materialization of the risk' standard"), 5 ("appears to have applied" that standard).

No such ruling was made. Although Deloitte apparently disagrees with the outcome, the ruling that triable disputes exist applied governing Supreme Court and Third Circuit precedent.[3] See DVI, No. 03-5336, 2010 WL 3522090, at *5-6, 11 & n.19, 12 & n.25, 14, 23-25 (citing inter alia Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 342-43, 347 (2005); McCabe v. Ernst & Young, LLP, 494 F.3d 418, 424, 426, 433, 436 (3d Cir. 2007); Semerenko v. Cendant Corp., 223 F.3d 165, 184-85 (3d Cir. 2000)).

Deloitte – by assuming that triable disputes were found under the materialization of risk standard – reads uncertainty into the memorandum decision that prompts the question framed for certification. As long recognized by our Court of Appeals, however, "§ 1292(b) is not designed for review of factual matters but addresses itself to a 'controlling issue of law.'" Link v. Mercedes-Benz of N. Am., Inc., 550 F.2d 860, 863 (3d Cir. 1977) (citing Johnson v. Aldredge, 488 F.2d 820 (3d Cir. 1973), cert. denied, 419 U.S. 882 (1974)). "In affording immediate

---

[3] The September 3, 2010 decision ruled that specific disclosures, as identified by Plaintiffs' loss causation expert, Chad Coffman, present genuine issues of material fact with regard to whether they "revealed the truth about Defendant's alleged misstatements as to DVI's financial statements." DVI, 2010 WL 3522090, at *23, 25 ("whether the 'very facts' misrepresented by Defendant in its audit of DVI's 10-Ks and its reviews of DVI's 10-Qs were a 'substantial factor in causing [Plaintiffs'] economic loss.'") (quoting McCabe v. Ernst & Young, LLP, 494 F.3d 418, 436 (3d Cir. 2007)).

appellate review of 'controlling issues of law,' § 1292(b) was not designed to substitute wholesale appellate certainty for trial court uncertainty" under circumstances, such as those presented here, where the district court has discretion to revise its partial summary judgment determination at any time prior to a final decision on the merits.  Id.; see also Fed. R. Civ. P. 54(b) (any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment").  Accord In re Schering-Plough Corp., No. 08-397, 2010 WL 2546054, at *4 D.N.J. June 21, 2010) (certification inappropriate when underlying order involves "interplay between law and facts") (citing Hulmes v. Honda Motor Co., Ltd., 936 F. Supp. 195, 210 (D.N.J. 1996) ("not designed to secure appellate review of 'factual matters' or the application of acknowledged law to the facts of a particular case which are within the sound discretion of the trial court") (quoting Link, supra)).

     There is no overriding legal issue at this juncture – just proposed alternative criteria and speculation as to their applicability on the evidence to be adduced at trial.  Inasmuch as the materialization of risk approach was taken into consideration when reviewing the disclosures at issue, see DVI, 2010 WL 3522090, at *7 n.12, 12 n.25, genuine issues of material fact remain under both standards of loss causation – requiring proof as to whether these partial disclosures revealed the truth as to Deloitte's alleged understatement of  DVI's loan loss reserves in connection with DVI's liquidity crises and whether those events might be found to be "'materializations of the concealed risk.'"  In re Vivendi Universal, S.A. Sec. Litig., 634 F. Supp. 2d 352, 365 (S.D.N.Y. 2009) (quoting Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161, 173 (2d Cir. 2005)).

No persuasive reasons have been stated as to why the standard for loss causation question is so unusual as to demand the intervention of our Court of Appeals.  If a serious question should arise at trial as to which standard the jury should be instructed to apply, a ruling may be made on a fully developed record.

                          BY THE COURT:

                          /s/ Legrome D. Davis

                          Legrome D. Davis, J.