IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CIVIL ACTION |
| DVI, INC. SECURITIES LITIGATION | : | No. 03-5336 |

ORDER-MEMORANDUM

AND NOW, this 19th day of February, 2013, upon consideration of the parties' submissions as permitted by the Court,[1] it is hereby ORDERED that Defendant Deloitte & Touche, LLP may substitute an expert witness to replace its former expert, Mr. Terry Musika. It is further ordered that:

(1) By March 15, 2013, Defendant Deloitte shall designate an expert.

(2) The testimony of the expert so designated shall be limited to the topics upon which Mr. Musika previously opined.

(3) By March 22, 2013, counsel for Defendant Deloitte and Plaintiffs shall submit a joint proposed schedule for:

- Defendant Deloitte's production of the newly designated expert's report.

- Plaintiffs' production of an expert report in rebuttal.

- Completion of all discovery and depositions in regard to the newly produced expert reports.

On November 17, 2008, Defendant Deloitte timely disclosed Mr. Musika as an expert. Plaintiffs noticed the deposition of Mr. Musika as a discovery deposition. See Def. Br., Doc. No. 860 at 1-3, Exs. B, C. On March 3-6, 2009, the deposition was conducted as a discovery deposition. It was not noticed or conducted as a *de bene esse* proceeding subject to the Federal Rules of Evidence. See 3/3/09 Dep. Tr. Terry L. Musika, Pls. Br., Ex. 2, Doc. No. 861.

---

[1] See Jan. 22, 2013 Order, Doc. No. 857; Jan. 11, 2013 letter of Defendant Deloitte's counsel, David L. Comerford, Esq.; Jan. 15, 2013 letter of Plaintiffs' counsel, Clinton A. Krislov, Esq.; Pls. Br., Doc. No. 861; Def. Br., Doc. No. 860.

Plaintiffs questioned Mr. Musika about topics in his report and opinions he would offer at trial. Deloitte did not conduct a direct examination. At that time, none of the parties was aware that Mr. Musika would be unavailable to testify at trial. On January 8, 2013, Deloitte's counsel learned that Mr. Musika had passed away. On January 11, 2013, counsel so notified the Court.

Deposition testimony of a witness who is unavailable at trial may be used for any purpose "to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying." Fed. R. Civ. P. 32(a)(1)(B); id., Rule 32(a)(4)(a) ("may use for any purpose . . . if . . . the witness is dead"). In determining whether to permit such use of deposition testimony, it must be found "that exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court . . . ." Id., Rule 32(a)(4)(E).

Issues of causation and damages[2] will be the subject of expert testimony by both parties at trial. The opportunity for cross-examination and observation of the demeanor of witnesses as to those issues are of paramount importance here. The jury should be informed by the direct testimony of each side's experts as well.

Plaintiffs say that Mr. Musika's testimony is inadmissible, and the newly designated expert's testimony will add unnecessarily to an already costly and lengthy litigation. See Pls. Br.,

---

[2] For example: "If the purchaser sells later after the truth makes its way into the marketplace, an initially inflated purchase price *might* mean a later loss. But that is far from inevitably so. When the purchaser subsequently resells such shares, even at a lower price, that lower price may reflect, not the earlier misrepresentation, but changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events, which taken separately or together account for some or all of that lower price. . . . Other things being equal, the longer the time between purchase and sale, the more likely this is so, *i.e.*, the more likely that other factors caused the loss." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 342-43 (2005) (emphasis in original). And a private damages action "imposes on plaintiffs 'the burden of proving' that the defendant's misrepresentations 'caused the loss for which the plaintiff seeks to recover.'" Id. at 345-46 (quoting 15 U.S.C. § 78u-4(b)(4).

Doc. No. 861 at 9-11.  However, no motion to exclude Mr. Musika's testimony was prevBiously made, and no ruling on the admissibility of his testimony has been issued.  Also, the parties can cooperate in achieving a replacement for Mr. Musika and efficient discovery of the new expert.  Plaintiffs suggest that the new expert's expected testimony will be as unhelpful as they found Mr. Musika's testimony to be.  But it certainly may not be excluded based on a party's one-sided assessment of what the evidence might be – before the witness has testified.

      The import of Mr. Musika's testimony is strenusously disputed.  This only makes it more desirable to have a fully developed record on the topics of causation and damages and the live testimony of a replacement expert in open court.  Upon conclusion of the limited discovery permitted here, an appropriate motion to exclude the testimony of Defendant Deloitte's newly designated expert may be filed.

      BY THE COURT:

      /s/ Legrome D. Davis

      Legrome D. Davis, J.