IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                         :        CIVIL ACTION
DVI, INC. SECURITIES LITIGATION   :        No. 03-5336
                                                    :

MEMORANDUM

Legrome D. Davis, J.                                                October 24, 2014

Plaintiff investors in Diagnostic Ventures, Inc. ("DVI") sue for violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F. R. § 240.10b-5.  Jurisdiction is the Exchange Act, 15 U.S.C. § 78aa, and federal question, 28 U.S.C. § 1331.

Dilworth Paxson LLP moves for leave to withdraw its appearance as counsel for Defendant Steven R. Garfinkel (Doc. No. 908).  Defendant Garfinkel "supports" the motion.  See Garfinkel Decl. ¶ 21, Def. Mot., Ex. C (Doc. No. 908-4).  Neither Lead Plaintiffs nor any other Defendant opposes the motion.

Dilworth's motion to withdraw asserts that its continued representation of Garfinkel in this action no longer serves any meaningful purpose.  Garfinkel is unable to pay for past or future legal services.  This is largely attributed to a criminal judgment entered against Garfinkel on March 29, 2007, requiring him to pay almost $52 million in restitution to victims of his conduct at DVI, Inc.  Since late 2006 or early 2007, Garfinkel has repeatedly instructed Dilworth not to perform legal services on his behalf.  See Mot., Ex. C, Garfinkel Decl. ¶¶ 8-9, 14, 17-20 (Doc. No. 908-4).  Dilworth submits that it "wrote off" invoices for at least $154,335.19 in fees and $45,802.93 in expenses incurred in Garfinkel's defense.  See Dilworth Br. at 3 (Doc. No. 908-1).

The Eastern District of Pennsylvania's local rule for attorney withdrawal provides: "An attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party." E.D. Pa. Local R. Civ. P. 5.1(c). Our Court of Appeals interpreted this rule, stating that it means:

> "a law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned."

Ohntrup v. Makina ve Kimya Endustrisi Kurumu, 760 F.3d 290, 294-95 n.2 (3d Cir. 2014) (quoting id., 802 F.2d 676, 679-80 (3d Cir. 1986)). Ohntrup "clearly places the burden of persuasion on the law firm." Buschmeier v. G&G Inv., Inc., 222 F. App'x 160, 166 (3d Cir. 2007) (Nygaard, dissenting).

Furthermore, the determination of a motion for leave to withdraw is committed to the district court's sound and wide discretion because it is "context-laden" and the "interests to be considered will vary widely from case to case." Ohntrup, 760 F.3d at 295. "The very concept of discretion presupposes a zone of choice within which the trial courts may go either way." Id. (citation and internal quotation marks omitted). The "outer boundary" of this discretion is marked by "[t]he point at which the law firm no longer serves a meaningful purpose in the case . . . because withdrawal would be required at that point." Id.

As explained by Judge Nygaard in Buschmeier, attorneys – as officers of the court representing parties – are "not free to simply abandon their obligation to either or both, because they have not been paid as much as they think they deserve." 222 F. App'x at 165. The district court's interests must be considered as well:

> "Meaningful purpose" has broad implications, including the District Court's substantial interest in the administration of justice, in the efficient management of its schedule and docket, and the need to insure progress, not just in this case, but in all cases assigned to it."

Id. at 166 (quoting Ohntrup, 802 F.2d at 679-80).  And one of the purposes of Local Rule 5.1(c) is "ensuring effective court administration."  Ohntrup, 802 F.2d at 679; accord id., 760 F.3d at 295 (the initial denial of attorney withdrawal was affirmed "because there was a chance that the Firm's presence would facilitate communication between the parties").

Dilworth cites Erie Molded Plastics, Inc v. Nogah, LLC, 520 F. App'x 82 (3d Cir. 2013).  In that case, the law firm was retained to defend the client business in a breach-of-warranty lawsuit filed by the plaintiff business.  The client did not pay for the lawyer's services, told him it could not do so in the future, it was going out of business, and no judgment had been entered against it.  Id. at 85.  Nogah ruled that the plaintiff would not be prejudiced by the withdrawal.  Importantly, if the defendant "failed to retain substitute counsel and default judgment were entered against it, resolution of the case would be expedited, as opposed to delayed, and [the plaintiff] would secure a judgment it its favor."  Id.  Here, the same cannot be predicted as likely to follow upon a grant of the motion for leave to withdraw.

This case differs from Nogah, which was a relatively simple breach-of-warranty action.  Complex issues are presented here, concerning conduct over a protracted period of time by multiple parties with conflicting interests, and many other actors and experts.  Moreover, the motion for leave to withdraw is presented at a stage in this litigation where the potential consequences of Dilworth's withdrawal are uncertain.  Trial is scheduled for December 15, 2014.  Order, dated Sept. 24, 2014 (Doc. No. 903).  The parties' pretrial submissions are due October 29, 2014.  Order, dated Oct. 15, 2014 (Doc. No. 907).

In addition, Dilworth overlooks the difficulties that would likely be created for the trial judge were the request for withdrawal to be granted at this time.  Lead Plaintiffs and other Defendants – in particular, Defendant Deloitte & Touche, LLP – can reasonably be expected to

assert claims or defenses based on Garfinkel's conduct at DVI, Inc.  It is not unlikely that Garfinkel could be called to testify at trial by either Lead Plaintiffs or particular Defendants.  Other litigants' proofs and the protection of Garfinkel's personal interests would likely be served by Dilworth's continued representation.  Communication among the parties and with the trial judge would be aided as well by Dilworth's appearance, further helping to ensure an efficient and fair trial.

Dilworth has not persuasively met its burden to show that its representation of Garfinkel no longer serves any meaningful purpose.  Dilworth must continue to represent Garfinkel until he arranges for representation by other counsel.  The District Court's substantial and paramount interests in the administration of justice and the efficient management of the trial compel denial of the motion to withdraw, without prejudice to renewal of the motion at a later appropriate time.

An Order accompanies this Memorandum.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.