**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————————
|  | : | **Case No. 2:03-CV-5336** |
| **In Re DVI, Inc. Securities Litigation** | : | |
| ———————————————————————————— | : | **Hon. Legrome D. Davis** |

**LEAD PLAINTIFFS' MOTION FOR ORDER APPROVING**
**SIXTH SET OF SETTLEMENTS, PLAN OF ALLOCATION, ATTORNEYS'**
**FEES AND EXPENSES, AND COST RECOVERY/SERVICE AWARD**

Lead Plaintiffs respectfully move this Court pursuant to Fed. R. Civ. Pro. 23(e) for an order, in the form attached hereto as Exhibit 1, approving the Settlement Agreements that Lead Plaintiffs have entered into with Defendants Deloitte & Touche LLP, Harry T.J. Roberts and John P. Boyle  (the "Settlements").

For the reasons set forth in Lead Plaintiffs' accompanying Memorandum of Law in Support of Motion for Entry of Order Approving Settlements, Lead Plaintiffs respectfully request that this Court (a) approve the Settlements; (b) approve the parties' plan of allocation; (c) approve Plaintiffs' Counsel's requested attorneys' fees and expense reimbursement; and (d) approve Lead Plaintiffs' requested cost recovery and service award.

Dated:  June 12, 2015

Respectfully submitted,

KRISLOV & ASSOCIATES, LTD.

By: /s/ Michael R. Karnuth

Clinton A. Krislov, Esq.
Michael R. Karnuth, Esq.
Christopher M. Hack
20 North Wacker Drive
Chicago, Illinois   60606
Phone: 312-606-0500
Fax: 312-739-1098
*Plaintiffs' & Class' Lead Counsel*

Steven A. Schwartz, Esq.
Attorney I.D. No. 50579
Kimberly Donaldson Smith, Esq.
CHIMICLES & TIKELLIS, LLP
361 W. Lancaster Avenue
One Haverford Centre
Haverford, PA   19041
Phone:  610-642-8500
Fax:  610-649-3633
*Plaintiffs' Liaison Counsel*

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| _____ | : | **Case No. 2:03-CV-5336-LDD** |
| **In Re DVI, Inc. Securities Litigation** | : | |
| _____ | : | **Judge Legrome D. Davis** |

## ORDER OF FINAL JUDGMENT AND DISMISSAL

AND NOW, on this ____ day of _____, 2015, upon consideration of Lead Plaintiffs' Motion for Order Approving Sixth Settlement, Plan of Allocation, Attorneys' Fees and Expenses, and Cost Recovery/Service Award (Doc. No. ____) and a hearing before this Court to determine: (1) whether the terms and conditions of the Stipulations of Settlement dated March 27, 2015 (hereinafter referred to individually and interchangeably as the "Stipulations" and the "Settlements"), including the releases provided for in the Stipulations, are fair, reasonable and adequate and should be approved; (2) whether judgment should be entered dismissing with prejudice all Released Claims against all Released Parties (as those terms are defined in the Stipulation); (3) whether and in what amount to award Plaintiffs' Lead Counsel fees and reimbursement of expenses; and (4) whether and in what amount to award Lead Plaintiffs cost recovery and service award.

The Court, having previously certified a class on April 29, 2008, and amended the class definition on April 30, 2008 and December 30, 2008, and having considered all matters submitted to it at the hearing and otherwise, and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable who purchased the DVI, Inc. securities at issue in this Litigation from August 10, 1999 to August 13, 2003 (dates inclusive) (the "Class

Period"), and who were allegedly damaged thereby, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published on one occasion  on the Globe Newswire, and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested, and Lead Plaintiffs' requested cost recovery/service award; and all terms used herein that are defined in the Stipulations have the definition set forth therein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs, the Class Members, Deloitte, Roberts and Boyle.

2.      The Court, having previously certified a class, has determined that the certified Class which may participate in these Settlements is defined as follows:

> All persons and entities who purchased or otherwise acquired the securities of DVI, Inc. (including its common stock and 9 7/8% Senior Notes), between August 10, 1999 and August 13, 2003, inclusive, and who were thereby damaged.  Excluded from the class are Defendants; any entity in which a Defendant has a controlling interest or is a part or subsidiary of, or is controlled by a Defendant; the officers, directors, legal representatives, heirs, predecessors, successors and assigns of any of the Defendants; Plaintiffs named in the <u>WM High Yield Fund, et al. v. O'Hanlon, et al.</u>, No. 04-CV-3423 (E.D. Pa.); and those persons or entities who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Settlement.

3.      Notice of the pendency of this Litigation as a class action, the certification of a Class in this case, and of the proposed Settlements was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the Litigation as a class action, certification of a Class, and the

terms and conditions of the proposed Settlements met the requirements of Rule 23 of the

Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of

1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform

Act of 1995, the United States Constitution (including the Due Process Clause), and any

other applicable law; constituted the best notice practicable under the circumstances; and

constituted due and sufficient notice to all persons and entities entitled thereto.

      4.     The Court finds that the Stipulations provide a beneficial result for the

Class and are the product of good faith, informed and non-collusive negotiations between

experienced and able counsel.  The Settlements are approved as fair, reasonable and

adequate, and the parties are directed to and shall consummate and abide by the

Stipulations in accordance with their terms and provisions.  To the extent that they are

defined in the Stipulations, capitalized terms used herein have the meanings set forth in

the Settlements.

      5.     The Fifth Amended Complaint is hereby dismissed with prejudice and

without costs, except such costs as may be provided in the Stipulations, as against

Deloitte, Roberts and Boyle, and the Released Parties as defined in the Stipulations.

      6.     Pursuant to the Stipulation with Deloitte: Lead Plaintiffs and all other

Class Members, whether or not any such Person submits a Proof of Claim and Release or

shares in the Settlement Fund, on behalf of themselves and each of their present or past

subsidiaries and affiliates, and their respective heirs, executors, estates, administrators,

predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers,

employees, agents, consultants, insurers, directors, managing directors, officers, partners,

principals, members, attorneys, accountants, financial and other advisors, investment

bankers, underwriters, lenders, and any other representatives of any of these Persons and entities, as well as anyone claiming through or on behalf of any of the foregoing (the "Releasors") are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including both known claims and Unknown Claims (as defined in the Stipulation with Deloitte), whether arising under federal, state, foreign or statutory law, common law or administrative law, any other law, rule or regulation, whether fixed or contingent, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, at law or in equity, whether class or individual in nature, that Lead Plaintiffs or any other Class Member:  (i) asserted in the Action; or (ii) could have asserted in the Action or any other action or in any forum, that arise out of, relate to, or are in connection with the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations or omissions or failures to act involved, set forth, or referred to in the complaints filed in the Action and that relate to the purchase, acquisition, sale or other disposition of DVI securities, or the provisions of any services provided by the Released Parties to DVI or in any way related to DVI (but excluding any claims to enforce the terms of the Deloitte Settlement) (the "Released Claims") against the "Released Parties," as defined in the Deloitte Stipulation.  Pursuant to the Stipulation with Roberts and Boyle: Lead Plaintiffs and all other Class Members, whether or not any such Person submits a Proof of Claim and Release or shares in the Settlement Fund, on behalf of themselves and each of their present or past subsidiaries and affiliates, and their respective heirs, executors, estates, administrators, predecessors, successors, assigns,

parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants,

insurers, directors, managing directors, officers, partners, principals, members, attorneys,

accountants, financial and other advisors, investment bankers, underwriters, lenders, and

any other representatives of any of these Persons and entities, as well as anyone claiming

through or on behalf of any of the foregoing (the "Releasors") are hereby permanently

barred and enjoined from instituting, commencing or prosecuting any and all claims,

rights, causes of action, duties, obligations, demands, actions, debts, sums of money,

suits, contracts, agreements, promises, damages, and liabilities of every nature and

description, including both known claims and Unknown Claims (as defined in the

Stipulation with Roberts and Boyle), whether arising under federal, state, foreign or

statutory law, common law or administrative law, any other law, rule or regulation,

whether fixed or contingent, accrued or not accrued, matured or unmatured, liquidated or

un-liquidated, at law or in equity, whether class or individual in nature, that Lead

Plaintiffs or any other Class Member:  (i) asserted in the Action; or (ii) could have

asserted in the Action or any other action or in any forum, that arise out of, relate to, or

are in connection with the claims, allegations, transactions, facts, events, acts,

disclosures, statements, representations or omissions or failures to act involved, set forth,

or referred to in the complaints filed in the Action (but excluding any claims to enforce

the terms of the Roberts and Boyle Settlement) (the "Released Claims") against the

"Released Parties," as defined in the Roberts and Boyle Stipulation.  Specifically

excluded from these releases are all named Defendants in the Litigation other than

Deloitte, Roberts and Boyle; provided, however, that nothing herein shall bar or enjoin

any Members of the Class from instituting or pursuing any claims against Defendants

Michael A. O'Hanlon or Steven R. Garfinkel.  Upon the Effective Date, the Released

Claims are hereby compromised, settled, released, discharged and dismissed as against

the Released Parties with prejudice by virtue of the proceedings herein and this Order of

Final Judgment and Dismissal.  All Releasors will be deemed on the Effective Date to

release and forever discharge all Released Parties from any and all of the Released

Claims.

       7.     All Releasors shall be deemed to have, and shall have, expressly waived

and relinquished all provisions, rights and benefits conferred by any law of any state or

territory of the United States, or principles of common law, including § 1542 of the

California Civil Code and any provision that is similar, comparable or equivalent to

§ 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS, WHICH THE CREDITOR DOES NOT KNOW
> OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE
> MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR.

A Releasor may hereafter discover facts in addition to or different from those that any of

them now knows or believes to be true with respect to the subject matter of the Released

Claims, but each Lead Plaintiff shall expressly have, and each Releasor shall be deemed

to have, and by operation of this Order shall have, fully, finally, and forever settled and

released any and all Released Claims, known or unknown, suspected or unsuspected,

contingent or non-contingent, whether or not concealed or hidden, that now exist, or

heretofore have existed upon any theory of law or equity now existing or coming into

existence in the future, including but not limited to conduct that is reckless, intentional,

with or without malice, or breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

8. To the maximum extent permitted by law, the Court hereby permanently bars, enjoins and restrains (1) any other Person who is or may be liable to Lead Plaintiffs and/or the Class, including without limitation the other Defendants in the Litigation and any other Persons later named as defendants in the Litigation, and the successors and assigns of any of them, from commencing, prosecuting or asserting any action, claim, cross-claim, counterclaim, third-party or other claim against Deloitte, Roberts or Boyle, or any other Released Party for indemnification or contribution or otherwise seeking the recovery of all or part of any actual or threatened liability or settlement which they pay or are obligated to pay or agree to pay arising out of such Person's or Persons' participation in any acts, facts, statements or omissions giving rise to any claims that could properly have been brought in the Litigation; and (2) all claims by Deloitte, Roberts or Boyle against any Person for indemnity or contribution arising out of  the Litigation, provided, however, that Deloitte, Roberts or Boyle may assert any such claim against any party that initiates a lawsuit or claim against it.

9. Any non-settling defendant shall be entitled to a reduction in any final verdict or judgment in an amount calculated as provided for in 15 U.S.C. § 78u-4(f)(7)(B).

10. Neither this Order of Final Judgment and Dismissal, the Stipulations, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statements referred to therein shall be:

7

a)      construed as or deemed in any judicial, administrative, arbitration, mediation or other type of proceedings to be evidence of a presumption, suggestion, concession or an admission in any respect whatsoever by any of the Released Parties, including, but not limited to, of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Litigation, or otherwise against the Released Parties, or of any purported liability, fault, wrongdoing or otherwise of the Released Parties; or

b)      offered or received in evidence in any judicial, administrative, arbitration, mediation or other type of proceeding for any purpose whatsoever, including, but not limited to, as a presumption, concession, acknowledgement or an admission of any purported liability, wrongdoing, fault, misrepresentation or omission, except that the Settling Parties may file the Stipulations and/or the Order of Final Judgment and Dismissal in any action that may be brought against them solely to support a defense, counterclaim or cross-claim, if any, based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar defense, counterclaim or cross-claim; or

c)      construed as a concession or an admission that Lead Plaintiffs or the Class have suffered any damage or the amount thereof; or

d)      construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable in the Litigation would not have exceeded the Settlement Fund.

11.     On the Effective Date of the Settlements, all Releasors, whether or not any such Person submits a Proof of Claim and Release or shares in the Settlement Fund, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties, except that these releases shall not bar any suit or action to enforce the terms of the Stipulations or this Order of Final Judgment and Dismissal.

12.     The Court finds that all parties to the Stipulations and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.     Plaintiffs' Lead Counsel are hereby awarded $_____ in attorneys' fees, which shall be paid from the Settlement Fund after the Effective Date, which the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses, both of which shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund after the Effective Date with interest from the date such Settlement Fund was funded to the date of payment at the same interest rate that the Settlement Fund earns. Lead Plaintiffs are hereby awarded $_____ in cost recovery and service award, which shall be paid from the Settlement Fund after the Effective Date, which the Court finds to be fair and reasonable.  No payment authorized by this Paragraph shall be made prior to the Effective Date, except as otherwise provided for in the Stipulations.

14.     The Settlement Fund shall be administered and distributed in accordance with the Settlements.

9

15.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulations and this Order of Final Judgment and Dismissal, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Members of the Class.

16.     In the event the Effective Date does not occur, the Order of Final Judgment and Dismissal shall be rendered null and void, and shall be vacated *nunc pro tunc*, and the provisions of paragraphs 13, 44 and 45 of the Stipulation shall apply.

17.     Except as provided herein, each party shall bear its own costs.

18.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Stipulations.

19.     Except for Deloitte's, Roberts's and Boyle's rights and obligations as set forth in their respective Stipulations, neither Deloitte, Roberts or Boyle, nor their counsel shall have any rights, responsibility for, interest in, obligation or liability whatsoever with respect to the administration, investment or distribution of the Settlement Fund or the Net Settlement Fund, including without limitation, (a) the determination, administration, calculation, processing or payment of claims, (b) the payment or withholding of Taxes, (c) the payment of other monies from the Settlement Fund or the Net Settlement Fund, (d) the investment or distribution of the Settlement Fund and the Net Settlement Fund, (e) the Plan of Allocation, (f) any payment to Lead Counsel or to any Person with respect to any attorneys' fees, costs and expenses from the Settlement Fund, and (g) any losses

10

incurred in connection with any such matters.  The Releasors hereby release all claims against all Released Parties arising out of or relating to such matters.

20.     There is no just reason for delay in the entry of this Order of Final Judgment and Dismissal, and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Accordingly, Lead Plaintiffs' Motion for Order Approving Sixth Settlement, Plan of Allocation, Attorneys' Fees and Expenses, and Lead Plaintiffs' Cost Recovery and Service Award (Doc No. 606) is _____.

BY THE COURT:

_____
Judge, United States District Court
for the Eastern District of Pennsylvania

Dated: _____, 2015

11