IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE                                              :        CIVIL ACTION
DVI, INC. SECURITIES LITIGATION                    :        No. 03-5336

<u>MEMORANDUM</u>

Legrome D. Davis, J.                                                March 28, 2016

      Plaintiff investors in Diagnostic Ventures, Inc. ("DVI") sued numerous Defendants for violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10-b5, 17 C.F.R. § 240.10b-5, and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). On April 29, 2008, a Class was certified, and on April 30 and December 30, 2008, the Class definition was amended (Orders, Doc. Nos. 609, 611, 661). On March 27, 2015, Lead Plaintiffs and Defendants Deloitte & Touche LLP ("Deloitte"), Harry T. J. Roberts ("Roberts"), and John P. Boyle ("Boyle") resolved their claims by stipulated settlement agreements (the "Stipulations" or the "Settlements").[1] On June 23, 2015, a fairness hearing was held to determine whether the Settlements should be approved. On June 24, 2015, an Order of Final Judgment and Dismissal (Doc. No. 1006) was entered, approving the Settlements and dismissing with prejudice all Released Claims against all Released Parties, as defined in the Stipulations. Presently, Class Members Kam Sitthidet and Ron Sitthideth (together, the "Sitthideths") move to be excluded from the Class action (Doc. Nos. 1009, 1013). Jurisdiction is federal question, 28 U.S.C. § 1331.

      The Sitthideths request: "we are standing firm to be excluded from your class action as we requested in June 2015." K. Sitthidet's letter, dated Sept. 17, 2015 (Doc. No. 1014-2). This was the first request by either of the Sitthideths to be excluded or to opt out of any of the six settlements in this Class action, approved respectively on November 17, 2006, November 5,

---

[1] Lead Plaintiffs and Defendant Deloitte signed a "Stipulation and Agreement of Settlement," and Lead Plaintiffs and Defendants Roberts and Boyle signed a separate "Stipulation and Agreement of Settlement," each of which is dated March 27, 2015 (Doc. Nos. 999-2, 999-3). These Stipulations and Settlements are referred to in other filings in this litigation as the "Sixth Settlement."

2007, April 30, 2008, August 28, 2009, May 20, 2011, and June 25, 2015.  Upon consideration of the papers filed by the Sitthideths, Lead Plaintiffs, and Defendants Deloitte, Roberts, and Boyle,[2] the Sitthideths's motion for exclusion will be denied for the following reasons.

I.     BACKGROUND

On June 29, 2015, Kam Sitthidet and Ron Sitthideth moved "to be excluded or included in the . . . class action lawsuit."  Mot. at 1 (Doc. No. 1009).  The stated "reason is '**we have received the Notice too late,** on purpose by the Claim Administrator.'"  Id. (emphasis in original).  The motion asserted that the Claims Administrator untimely mailed to the Sitthideths notice of the Settlements and the Notice program materials:  "RON received the material on June 13, 2015, and forwarded it to KAM to respond; KAM received it on June 19, 2015."  Id. at 2 & Ex. A, Proof of Claim and Release form, first page only.  The relief requested was an order directing the Claims Administrator "to accept and process our form which we will submit within 60-days from the date of the court order."  Id. at 2.

On July 10, 2015, counsel for Lead Plaintiffs responded to the Sitthideths's motion.  L. Pls. Resp. (Doc. No. 1010).  The response asserted that counsel had contacted the Claims Administrator, Strategic Claims Services ("SCS"), "who confirmed that they do not have any records of the Sitthideths submitting a claim form or contacting their firm regarding any DVI settlements or class notices."  Id. at 1.  It was also asserted that counsel "has no record of the Sitthideths previously contacting them."  Id.  Counsel reported that they were investigating and

---

[2]  See Sitthideths's "Motion to Reconsider a Few Class Members" (Doc. No. 1009); L. Pls./Class Counsel's Resp. (Doc. No. 1010); "Sitthidet Response and Rebuttal," with Ex. B, the Sitthideths's TD Ameritrade statement (Doc. No. 1013); L. Pls./Class Counsel's Reply (Doc. No. 1014), with Ex. 1, K. Sitthidet's letter, dated Sept. 17, 2015 (Doc. No. 1014-2).  See also Def. Deloitte's letter, dated Oct. 1, 2015 (Doc. No. 1016), requesting reconsideration of the Order, dated Sept. 23, 2015; Defs. Roberts's and Boyle's letter, dated Jan. 28, 2016, joining in Deloitte's letter request (Doc. No. 1021).  See further L. Pls./Class Counsel's "Position on Sitthideths' Request to Be Excluded" (Doc. No. 1018); L. Pls./Class Counsel's Submission, with J. Bravata Decl., dated Jan. 28, 2016, and Exs. 1-2 (Doc. No. 1020).

communicating with the Sitthideths. Id. at 1-2 & Exs. 1-3. In particular, counsel asked the Sitthideths to provide copies of their DVI trades and any claim forms they might have previously submitted in regard to any settlements in this litigation, in order for counsel to determine whether they were eligible to share in the Settlements with Deloitte, Roberts, and Boyle. Id. at 2, Exs. 1, 3 (Doc. Nos. 1010-1 at 2, 1010-3 at 2).

The Sitthideths were permitted to submit by August 26, 2015, to counsel for Lead Plaintiffs, "copies of any claim forms previously submitted and evidence of any purchases and sales that they made of securities issued by DVI, Inc." Order, dated July 14, 2015 (Doc. No. 1011). Counsel was directed to continue their investigation, and by September 23, 2015, report to the Court the results of that investigation, along with counsel's position as to whether the Sitthideths should share in the Settlements. Id.

On August 25, 2015, the Sitthideths filed a response and rebuttal, attaching a TD Ameritrade statement, dated "7/26/03 - 8/29/03," evidencing their "claim of 8,900 DVI shares or stocks . . . purchased or sold during the period of this class action." Sitthideths's Resp. & Rebuttal ("Rebuttal"), at 1 & Ex. B (Doc. No. 1013). Therein, the Sitthideths asserted "our request to be excluded from your class action per our request in motion at 1." Rebuttal at 1 (referring to Mot. at 1 (Doc. No. 1009)). The Rebuttal asserted that the Claims Administrator, SCS, had provided notice and claim materials "too late for us to respond," citing as evidence the absence of any postmark or "date stamp" on the envelope that mailed the Proof of Claim and Release form to them. Id. (citing Mot., Ex. A (Doc. No. 1009)). The Rebuttal further asserted that Kam Sitthidet had called SCS, and "the claim administrator denied out claim over the phone." Id. And "this might be the reason why we no longer keep record of our claim form, because we felt helpless and did not know what to do about their actions." Id. The Sitthideths

strongly maintained that it would be "unfair and unjust" to deny them exclusion "from your class action." Id. Curiously, the Sitthideths also objected: "The lead plaintiff also intended to have us be denied if we failed to show a claim form after their latest failure to deliver, and [failed] to give us sufficient time to response to the latest settlement." Id. The relief requested was clear: "Please reconsider refunding our moneys, and oppress us no more. Thank you." Id. at 2.

On September 22, 2015, counsel for Lead Plaintiffs replied to the Sitthideths's Rebuttal and reported to the Court the results of counsel's investigation, stating their position as to whether the Sitthideths should share in the Settlements. L. Pls. Reply (Doc. No. 1014). Counsel's position: "We do not oppose the September 17, 2015 request that they be excluded from the Class (and recent settlement)." Id. at 1 & n.1.

Counsel for Lead Plaintiffs reported that SCS "confirmed that it has not received a claim form from the Sitthideths for the current or any previous settlement." L. Ps. Reply at 1 & n.1 (Doc. No. 1014). Importantly, upon investigation of the Sitthideths's TD Ameritrade statement, counsel agreed that they "had indeed purchased DVI common stock during the class period." Id. Counsel found that the Sitthideths "thus *are* class members in this case, eligible to share in the pending settlement recovery." Id. (emphasis in original). However, uncertain as to whether the Sitthideths wanted to be excluded from the Class, or instead, wanted to make a claim to recover settlement funds, or perhaps both, counsel had written to the Sitthideths, stating in part:

> [W]hile we think you wish to have a claim processed, we're not certain whether you want to file a claim or opt out (exclude yourselves) from the settlement. You did not attach a claim form [to the Rebuttal], and we confirmed with the claims administrator that they did not previously receive a claim form from you. A completed claim form is necessary in order to participate and receive a recovery from the settlement. Therefore, if you wish to participate in the settlement, please complete the attached claim form and submit it to the claims administrator on or before September 21, 2015, to the address on the claim form.

> If, instead, you do *not* wish to participate in the settlement and would rather be excluded, please inform us so we may exclude you from the settlement and inform the Court of your decision. By excluding yourself, you will not be able to recover anything from this final settlement. . . .
>
> However, it is your choice. We just want to be sure that we understand which one you are choosing. You cannot both participate in the settlement and exclude yourselves.

Id. at 1 & Ex. 1, counsel's letter, dated Aug. 31, 2015 (Doc. No. 1014-1) (emphasis in original). Kam Sitthidet responded, writing that "we are standing firm to be excluded from your class action as we requested in June 2015," and asking: "Please include this letter and tell the court accurately about our wish." K. Sitthidet's letter, dated Sept. 17, 2015 (Doc. No. 1014-2). Counsel reported to the Court that "we believe the Sitthideths have knowingly chosen exclusion over claiming, and their choice should be honored, even if arguably late." L. Pls. Reply at 2.

By Order, dated September 23, 2015 (Doc. No. 1015), the Sitthideths's motion for exclusion was granted. It was declared that "the Sitthideths are excluded from the Class and the Sixth Settlement approved in this action." Id. By letter dated October 1, 2015, Deloitte moved for reconsideration of that ruling. Deloitte Mot. (Doc. No. 1016). In essence, Deloitte maintained that "[p]ermittting the Sitthideths to now exclude themselves from the Settlement on unresolved claims of faulty notice runs contrary to the provision of the Settlement, . . . [and] improperly nullifies the releases for which Deloitte bargained." Id. at 3. And, "Deloitte is entitled to the benefit of its bargain." Id. at 2.

By Order, dated October 6, 2015 (Doc. No. 1017), Deloitte's request for reconsideration was granted, and the Order, dated September 23, 2015 (Doc. No. 1015), was vacated. Furthermore, "Lead Plaintiffs, the Sitthideths, and any other interested party or person" were ordered to respond to Deloitte's position by November 9, 2015, "setting forth their respective

positions, along with any supporting documentary evidence," as to whether the Sitthideths should be permitted to share in the Settlements.  Id.

On November 11, 2015, counsel for Lead Plaintiffs responded:  "[A]s we previously advised the court on September [22], 2015, Lead Plaintiffs do not have a preference, but respectfully believe that the Court should honor the Sitthideths' preference to be excluded from the Class and recent settlement."  L. Pls./Class Counsel's "Position on Sitthideths' Request to Be Excluded" (Doc. No. 1018).  Counsel stated that "the issue appears to involve primarily only the Sitthideths and Deloitte."  Id.  It was not explained why this was counsel's position.  Deloitte did not respond.  The Sitthideths also did not respond, and they did not submit any more evidence supporting their position.

On January 4, 2016, counsel for Lead Plaintiffs were directed to submit records and other proof evidencing the date on which the Claims Administrator, SCS, mailed to the Sitthideths notice of the Stipulations and Settlements, notice of the fairness hearing held on June 23, 2015, and a Proof of Claim and Release form, among other Notice program materials.  Order, dated Jan. 4, 2016 (Doc. No. 1019) (citing Doc. No. 999, Ex. A (Doc. No. 999-4)).  On January 28, 2016, counsel submitted the requested information and materials.  L. Pls./Class Counsel's Submission, with J. Bravata Decl., dated Jan. 28, 2016, & Exs. 1-2 (Doc. No. 1020).

Specifically, counsel for Lead Plaintiffs reported that according to the records kept by the Claims Administrator, SCS:  (1) TD Ameritrade was notified of each of the six settlements in this Class action; (2) on May 6, 2015, TD Ameritrade provided SCS with Kam Sitthidet's and Ron Sitthideth's names and address; and (3) on June 3, 2016, SCS mailed to the Sitthideths the Notice program materials, including a Proof of Claim and Release form.  J. Bravata Decl., ¶¶ 1,

2, Exs. 1-2 (Doc. No. 1020-1). The Sitthideths did not respond to this information, and they have not submitted any additional evidence.

By letter dated January 28, 2016 (Doc. No. 1021), Defendants Roberts and Boyle joined in Defendant Deloitte's position, as stated in its October 1, 2015 letter (Doc. No. 1016). Roberts and Boyle correctly noted that Deloitte's position is based on specific provisions contained in the Stipulation and Agreement of Settlement between Lead Plaintiffs and Deloitte. They also correctly noted that the provisions cited by Deloitte are identical to provisions contained in the Stipulation between Lead Plaintiffs and themselves.

## II.     THE RECORD

### A.     The Stipulations and Settlements

As agreed on March 27, 2015, each Stipulation between Lead Plaintiffs and Deloitte, and Lead Plaintiffs and Roberts and Boyle, required that a request for exclusion be made no later than "fifteen (15) calendar days prior to the Settlement Hearing," which was held on June 23, 2015. (Doc. No. 999-2, at ¶ 26; Doc. No. 999-3, at ¶26). Accordingly, under the Stipulations, any request for exclusion was required to be made no later than June 8, 2015. Id.

On April 15, 2015, the Court entered the Preliminary Approval Order, which among other things, approved the settlement Notice program and materials. Id., at ¶¶ 4-5, 8-14 (Doc. No. 1000). The Notice program and materials conformed to those approved by the Court in the five previous settlements. See Proposed Notice Program & Exs. A, D, E (Doc. Nos. 999-1, 999-4, 999-7, 999-8). Notice was to be made by first class mail, directly to both Class Members and brokers, and published once over the Globe Newswire. Given the extensive notices issued in the five previous settlements, and the large percentage of Class Members that filed a Proof of Claim

and Release form, the proposed Notice was found to be the best notice practicable under the circumstances. Preliminary Approval Order, dated Apr. 15, 2015, ¶ 5 (Doc. No. 1000).

The Preliminary Approval Order directed that nominees, such as TD Ameritrade, follow directions contained in the Notice and Proof of Claim and Release form:

> Nominee owners, such as brokerage firms, online trading companies and other persons who held or now hold DVI common stock and/or 9 7/8% Senior Notes as record owners, but not as beneficial owners, and who have not timely filed a valid claim form in the previous settlements in this case, are directed to follow the directions in the Notice and Proof of Claim and Release form, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release form promptly to such beneficial owners as are identified by nominees and brokers.

Id., at ¶ 10 (Doc. No. 1000). The Notice requested that nominees, within ten days of receipt of the Notice program materials, send the materials directly to beneficial owners or send a list of the names and addresses of beneficial owners to the Claims Administrator, SCS, for its use in promptly mailing the materials to the beneficial owners:

> Nominees who purchased or acquired DVI common stock or DVI 9 7/8% Senior Notes for the benefit of another person or entity during the Class Period are requested to send the Notice and the Proof of Claim to all such beneficial owners of those securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

Proposed Notice Program, "Notice," Ex. A, at 12-13 (Doc. No. 999-4 at 13-14).

Among other deadlines, the Preliminary Approval Order directed that the Notice and Proof of Claim and Release form be mailed by "no later than April 23, 2015, to all Class Members who can be identified with reasonable effort." Id., ¶ 10 (Doc. No. 1000 at 4). It was also ordered that a request for exclusion "must be *received* by the Claims Administrator at the address below no later than May 26, 2015, which is twenty (20) days prior to the date initially

scheduled by the Court for the Settlement Hearing:  [setting forth SCS's address, telephone number, and website address]."  Id., ¶ 15 (Doc. No. 1000 at 6).

The Preliminary Approval Order also set deadlines for comments or objections to the Settlements:  By June 4, 2015, comments or objections were required to be made in writing and filed with the Clerk of Court, "showing due proof of service [on counsel for the parties] . . . on or before ten (10) days prior to the date initially set for the Settlement Hearing . . . ."  Id., ¶ 24 (Doc. No. 1000).  At the fairness hearing held on June 23, 2015, the Court was informed that no comments or objections had been received.

By Order of Final Judgment and Dismissal, entered June 24, 2015 (Doc. No. 1006), the Court found that notice had been given to all Class Members who could be identified with reasonable effort.  Id., ¶ 3.  The Court approved the "form and method of notifying the Class of the pendency of the Litigation as a class action, certification of a Class, and the terms and conditions of the proposed Settlements . . . [which] constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto."  Id.  In addition, the Court found that "the Stipulations provide a beneficial result for the Class and are the product of good faith, informed and non-collusive negotiations between experienced and able counsel."  Id., ¶ 4.  It was also ruled that the "Settlements are approved as fair, reasonable and adequate, and the parties are directed to and shall consummate and abide by the Stipulations in accordance with their terms and provisions."  Id.

       B.       Findings as to the Sitthideths's Request for Exclusion

The record establishes that Kam Sitthidet and Ron Sitthideth purchased or sold securities of DVI, Inc. during the Class period, between August 10, 1999, and August 13, 2003.  Rebuttal, at 1 & Ex. B, TD Ameritrade statement (Doc. No. 1013); L. Pls. Reply at 1.  See Orders

certifying and defining the Class, dated respectively, April 29, April 30, and December 30, 2008 (Doc. Nos. 609, 611, 661).  Accordingly, the Sitthideths are Class Members.

The record establishes that TD Ameritrade received due and sufficient notice of each of the six settlements in this Class action.  L. Pls./Class Counsel's Submission, at ¶ 3 (Doc. No. 1020-1).  The record does not contain any information as to whether TD Ameritrade sent notice of any of the settlements directly to the Sitthideths.  Nothing in the record suggests that TD Ameritrade did not do so.  The record establishes that on May 6, 2015, TD Ameritrade provided the Claims Administrator, SCS, with Kam Sitthidet's and Ron Sitthideth's names and address in regard to the Settlements with Deloitte, Roberts, and Boyle.  Id.

The record establishes that on June 3, 2015, the Claims Administrator, SCS, mailed the Notice program materials to the Sitthideths at "3718 S. Canfield Ave., Apt. # 1, Los Angeles, CA 90034."  L. Pls./Class Counsel's Submission, at ¶ 3 (Doc. No. 1020-1).  The Notice correctly stated the deadlines fixed by the Preliminary Approval Order (Doc. No. 1000).  The Notice required submission of:  a request to be excluded from the Class by May 26, 2015 (Doc. No. 1020-1 at 10); any comments or objections by June 4, 2015 (Doc. No. 1020-1 at 12); and a Proof of Claim by June 12, 2015 (Doc. No. 1020-1 at 3-4, 7).  The Notice stated that the settlement hearing would be held on June 23, 2015, naming the presiding Judge and listing the Court's address (Doc. No. 1020-1 at 11).  It provided the name and address of the Claims Administrator for all inquiries concerning the Notice or the Proof of Claim form (Doc. No. 1020-1 at 13).

The Claims Administrator, SCS and counsel for Lead Plaintiffs do not have any records showing that the Sitthideths contacted them at any time before the fairness hearing that was held on June 23, 2015.  L. Pls. Resp. at 1-2, Exs. 1-3 (Doc. No. 1010).  The record establishes that neither Kam Sitthidet nor Ron Sitthideth requested exclusion from this Class action at any time

before the fairness hearing that was held on June 23, 2015. The record also establishes that neither of them ever submitted at Proof of Claim and Release form at any time in regard to any of the six settlements in this Class action. L. Pls. Reply at 1 & n.1 (Doc. No 1014).

III.  DISCUSSION

In practical effect, the Sitthideths request an extension of the deadline to opt out of this Class action and the Settlements with Deloitte, Roberts, and Boyle. The Sitthideths submit that their request should be granted because they received the Notice program materials too late to make a timely, informed decision whether to opt out before the deadline.

   A.  Actual, Individual Notice to the Sitthideths Was Not Required

Federal Rule of Civil Procedure 23 requires a district court approving a class action settlement to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Whereas "the Rule provides broad discretion to district courts with respect to the notice's form and content, it must satisfy the requirements of due process." In re Baby Prods. Antitrust Litig., 708 F.3d 163, 180 (3d Cir. 2013) (citing Zimmer Paper Prods., Inc. v. Berger & Montague, P.C., 758 F.2d 86, 90 (3d Cir. 1985)). Generally, "'there has been a failure of due process only in those cases where it cannot be said that the procedure adopted, fairly insures the protection of the interests of absent parties who are to be bound by it.'" In re Diet Drugs Prods. Liab. Litig., 431 F.3d 141, 145 (3d Cir. 2005) (quoting Hansberry v. Lee, 311 U.S. 32, 42 (1940)); accord Gotthelf v. Toyota Motor Sales, U.S.A., Inc., 525 F. App'x 94, 99 (3d Cir. 2013). Where rights are given to opt out of a settlement in a class action, due process requires:

> (1) adequate representation by the class representatives, (2) notice of the class proceedings, and (3) the opportunity to be heard and to participate in the class proceedings.

Gotthelf, 525 F. App'x at 99 (citing Diet Drugs Prods., 431 F.3d at 145) (citing Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811-12 (1985)).

Given the absence of evidence that any investors, other than the Sitthideths, received notice after the deadlines for objections and opt-outs, or after the fairness hearing and entry of final judgment, and considering the fact that no other investors objected to the Settlements, it is fair to conclude that the approved Notice program and mailings were sufficient to bring forth any substantial, serious shortcomings in the Settlements. That Notice was sufficient to protect the rights of the Class as a whole, as well as the rights of absent Class Members.

Courts have recognized that due process does not require actual notice to each and every party that would be bound by the adjudication of a representative action. "A construction of the Due Process Clause which would place impossible or impracticable obstacles in the way could not be justified." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313-314 (1950) See also DeJulius v. New England Health Care Emp. Pension Fund, 429 F.3d 935, 947 (10th Cir. 2005) (finding notice sufficient where all of the notices were sent out nearly two weeks prior to the fairness hearing, and it was likely that a large number of the notices were sent out much earlier than that); Silber v. Mabon, 18 F.3d 1449, 1453-54 (9th Cir. 1994) (finding notice sufficient even when it was undisputed that 1,000 of the notices were sent out after the opt-out deadline); Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1374-75 (9th Cir. 1993), cert. denied, 512 U.S. 1220 (1994) (finding notice sufficient where some notices were sent out after the opt-out deadline and only nine days before the fairness hearing).

The proper question is not whether the Sitthideths received actual personal notice, but instead, whether the Class as a whole received "the best notice that is practicable under the circumstances, including individual notices to all members who could be identified through

reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); see Fed. R. Civ. P. 23(e)(1) ("The court must direct notice [of a proposed settlement] in a reasonable manner to all class members who would be bound by the proposal."). Nothing in the record undercuts the previous ruling that the notice given of this Class action, certification of the Class, and the Settlements, comports with all requirements of Rule 23 and due process. Order of Final Judgment and Dismissal, entered June 24, 2015, ¶ 3 (Doc. No. 1006). That ruling is reaffirmed here.

    B.    The Sitthideths Have Not Shown "Excusable Neglect" Warranting an Extension of the Opt-Out Deadline

Under Federal Rule of Civil Procedure 23(d), a district court may issue orders that manage procedural matters in class actions. Under Federal Rule of Civil Procedure 6(b), a district court may grant an extension of a deadline "for good cause," where the failure to act was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

The Supreme Court and our Court of Appeals have recognized that a party's failure to comply with a filing deadline may be "excusable neglect." Pioneer Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993); In re Orthopedic Bone Screw Prods. Liability Litig., 246 F.3d 315, 321-23 (3d Cir. 2001). "The district courts of this Circuit have frequently analyzed late claims in class actions under the rubric of whether the claimant has shown 'excusable neglect.'" Id. at 321. Accord In re Ins. Brokerage Antitrust Litig., 374 F. App'x 263, 265-66 (3d Cir. 2010); Georgine v. Amchem Prods., Inc., No. 93-0215, 1995 WL 251402, at *4 (E.D. Pa. Apr. 26, 1995). As to what neglect is excusable, four factors are to be considered:

> (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

13

Orthopedic Bone Screw Prods., 246 F.3d at 323 (citing Pioneer, 507 U.S. at 395). The Supreme Court in Pioneer "conclude[d] that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395.

Here, the Notice program materials were mailed to the Sitthideths by the Claims Administrator on Wednesday, June 3, 2015. The materials were presumably delivered to the Sitthideths in California three days later on Saturday, June 6 or on Monday, June 8, 2015—the Court ordered deadline for submitting requests for exclusion. This was four days after the deadline for filing objections passed on June 4, 2015, and left only two weeks before the fairness hearing scheduled for Tuesday, June 23, 2015. Thus, it appears that actual individual notice to the Sitthideths was late. However, the record is clear that TD Ameritrade—the nominee that held the Sitthideths's securities in street name—was timely notified. On May 6, 2015, TD Ameritrade provided the Claims Administrator, SCS, with Kam Sitthidet's and Ron Sitthideth's names and address in regard to the Settlements with Deloitte, Roberts, and Boyle.

The prejudice to settling Defendants Deloitte, Roberts, and Boyle weighs heavily in favor of denial of the Sitthideths' request for exclusion. Defendants entered into the Stipulations and Settlements in order to achieve finality regarding their liability to Class Members. The opt-out deadline—June 8, 2015—was a negotiated, express term of the Stipulations by which Defendants sought to achieve finality and thereby financial certainty. Allowing the Sitthideths to belatedly opt out now would increase Defendants' potential financial obligations. Moreover, Defendants might face never-ending expansion of their liability, as more class members with equally worthy explanations appeared. In addition, denying Defendants the benefit of finality might discourage settlements in future complex, securities-fraud class actions. In such actions, notice is frequently given first to nominees that hold title to securities in street name, followed by

14

Case 2:03-cv-05336-LDD   Document 1022   Filed 03/28/16   Page 15 of 16

individual notice to beneficial owners who are identifiable through reasonable efforts.  Under such circumstances, there are reasonable risks that notice might not actually reach every beneficial owner.  Many fair and beneficial settlements pose that very risk.

The length of the Sitthideths's delay also weighs heavily in favor of denial of their request for exclusion.  Before the fairness hearing on June 23, 2015, the Sitthideths did not take any action that objectively manifested any intent to opt out of the Class action or the Settlements.  It is asserted that Ron Sitthideth received the Notice program materials on June 13, 2015, and he forwarded the materials to Kam Sitthidet, who received the materials on June 19, 2015.  The only objective evidence supporting this assertion is an envelope that lacks a postmark.  Even assuming this occurred, the Sitthideths still received actual notice at least ten days before the fairness hearing.  There is no apparent reason why the same motion for exclusion that they filed on June 29, 2015, could not have been filed before the fairness hearing on June 23, 2015.  The Sitthideths did not give the parties or the Court an opportunity to decide whether a belated opt-out request, made before any judgment had been entered, should have been allowed.

Denial of the request for exclusion poses little prejudice to the Sitthideths.  Counsel for Lead Plaintiffs invited the Sitthideths to submit a belated Proof of Claim and participate in the Settlements.  L. Pls./Class Counsel's letter, dated Aug. 31, 2015, attaching the appropriate form (Doc. No. 1014-1).  Defendants did not present any objections to this accommodation.  The Sitthideths chose not to submit a claim.  The likelihood that an individual action would return more than the Sitthideths would have recovered here by participating in the Settlements, is slim.

The Sitthideths's reason for the delay weighs heavily in favor of denial of their request for exclusion.  They received notice of the Class certification and proceedings, and were afforded an opportunity to participate and be heard during the five previous settlements in this Class

15

action, the earliest of which occurred on November 16, 2006.  They received similar Notices in 2007, 2008, 2009, and 2011.  Yet they never clearly requested exclusion until September 17, 2015.  Reading and understanding the Notices was within their reasonable control.

The record presents no reason to doubt the Sitthideths's good faith.  The record establishes only neglect that is not excusable.

IV.     CONCLUSION

For the reasons stated above, Kam Sitthidet and Ron Sitthideth are Class Members, who were afforded sufficient notice and due process protections, but did not timely exercise their rights to opt out of this Class action and the Settlements with Deloitte, Roberts, and Boyle. Under principles of res judicata, they are bound by the Order of Final Judgment and Dismissal (Doc. No. 1006) entered in this Class action on June 24, 2015.  In re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355, 366 (3d Cir. 2001); Carlough v. Amchem Prods., Inc., 10 F.3d 189, 199, 201 (3d Cir. 1993) (holding that notice and failure to exercise an opportunity to opt out constitutes consent to the jurisdiction of the class action court by an absent member of the plaintiff class, even where that member lacks minimum contact with the class action forum). Accordingly, the Sitthideths's motion for exclusion will be denied.

An Order accompanies this Memorandum.

                                        BY THE COURT:

                                        /s/ Legrome D. Davis

                                        Legrome D. Davis, J.